.10861

CURETON *ET AL.* .v. LITTLE *ET AL.*

(111 S. E. 803)

1.   WILLS—CLAUSES CONSTRUED AS GRANTING A CONDITIONAL FEE.— Clauses giving lands to each of two sons and a daughter during natural life and afterwards to his or her "bodily heirs," there being nothing in the remainder of the will to show that the words were intended to mean "children" *held* to give fee conditional estates.

2.   WILLS—SUBSEQUENT CLAUSES PROVIDING FOR DISTRIBUTION OF ESTATE HELD TO EXCEPT PRIOR DEVISES OF CONDITIONAL FEE.— Subsequent clauses for distribution in a will *held* to except prior devises of fee conditional, and to provide for distribution of· the remainder of the estate and for children of testator born subsequent to the will.

3.   WILLS—ESTATE DEVISED BY CLEAR AND UNEQUIVOCAL TERMS WILL NOT BE CHANGED BY SUPERADDED WORDS, UNLESS SHOWING A CLEAR INTENT TO SO DO.—Where an estate is given by will in words of clear and ascertained legal significance, it will not be enlarged, cut down, or destroyed by superadded words in the same or subsequent clauses, unless they raise an irresistible inference that such was testator's intent, and superadded words of doubtful import must be rejected.

Before PRINCE, J., Greenville, April, 1921.   Affirmed.

Action by Kate H. Cureton in her own right and as executrix of the will of Hugh S. Cureton, deceased, and others against Hugh C. Little and others, involving the construction of a will.   From a decree in favor of the plaintiffs the defendants appeal.   Affirmed.

So much of the will as is necessary for a proper construction thereof is as follows:

"Item 2: I will to my son, Paschal D. Cureton, during his natural life and afterward to his bodily heirs [description omitted]. I also will to my son, Paschal D. Cureton, during his natural life and afterwards to his bodily heirs [description omitted].

"Item 3: I will to my son, John M. Cureton, Jr., during his natural life, and afterwards to his bodily heirs [description omitted].

"Item 4: I will to my daughter, Edna R. Cureton, during her natural life and afterwards to her bodily heirs [description omitted].

"Item 5: I will that the proceeds of the above lands, which I have willed to Paschal D. Cureton, John M. Cureton, Jr., and Edna R. Cureton, during their natural lives and afterwards to their bodily heirs, be not taken for any debt or debts contracted by them."

"Item 7: I will and direct that so soon as each one of my sons, Paschal D. Cureton and John M. Cureton Jr., become twenty-one years of age that they enter into possession of the lands named in sections two and three. respectively, of this will, and that Edna R. Cureton enter into possession of the Jenkins place, willed in section four, so soon as she becomes twenty-one years of age, or so soon as she becomes married.

"Item 8. I will all the real and personal property which I have now or may have, except that which I have already willed to my three children, Paschal D. Cureton, John M. Cureton, Jr., and Edna R. Cureton, to my wife, Kate H. Cureton, during her natural life. At the death of my wife, I will and direct that all my estate, both real and personal, that may be left after supporting the family and educating my children, shall be equally divided among my children living at my wife's death and the

children of any of my children that may die in the lifetime of my wife, by four disinterested and competent men to be selected by my children without the aid or interference of any Court. If any one of my children should die without living children, then his or her portion is to be returned back to my estate and to be controlled by my executrix during her life and after her death to be divided among my children or their bodily heirs. The children of a deceased child to take the parent's share.

"Item 9: Also I will and direct that all my property, both real and personal, left for final distribution among my children after the death of my wife, be not taken for any debt or debts contracted by them or their heirs.

"Item 10: If there should be born unto me any other children then they shall be made equal to the children I now have out of my property not already willed or given to Paschal D. Cureton, John M. Cureton, Jr., and Edna R. Cureton, and if all my children should die without heirs and if my wife should also die I will that my estate go to John M. Cureton, Sr., during his life, and afterwards to my sisters, M. A. Stokes, S. A. Greene, and Lucy Elvira Cureton, and their children."

The following is the Master's report:

To the Court of Common Pleas:

The Master to whom this case was referred to take the testimony and to hear and determine all the issues raised by the pleadings, and to report his conclusions thereon both of law and fact, to the Court with leave to report any special matter, begs to report that he has held a reference and taken the testimony, which is herewith submitted.

The Master finds from the testimony that all the parties are properly before the Court, and that the facts alleged in the complaint are substantially true, except as to Paragraphs 6, 8, and 9 of the complaint, and the parties to the action have agreed that the issues raised in these paragraphs shall

remain open until the main issue raised by the pleadings is decided by the Court, to wit: The construction of the will of Hugh S. Cureton, deceased. It appears that the said Hugh S. Cureton died on or about the 29th day of November, 1891, leaving of force his last will and testament, dated July 21, 1891, which was admitted to probate in common form by the Judge of the Court of Probate of this County on December 21, 1891. It appears further from the testimony that at the date of the will and even at the death of the testator the plaintiff, Paschal D. Cureton, had no children, neither did the plaintiffs, John M. Cureton, Jr., nor Edna C. Manly; that neither of the latter two have ever had any children. But the plaintiff, Paschal D. Cureton, now has a son, the defendant, Paschal D. Cureton, Jr., who is about two years of age. The only question to be determined by the Court is whether the plaintiffs, John M. Cureton, Jr., Paschal D. Cureton, and Edna C. Manly, each takes a fee conditional estate under Items 2, 3, and 4 of said will, or whether they take a life estate with the remainder to their children as purchasers. Item 2 is as follows: "I will to my son, Paschal D. Cureton, during his natural life and afterwards to his bodily heirs, one hundred acres of land, including my residence, dividing line to be run as nearly parallel to the present lower line of my home place as possible to get the said one hundred acres. I also will to my son, Paschal D. Cureton, during his natural life, and afterwards to his bodily heirs, fifty-one acres of land lying opposite my present residence and on the eastern side of the Fork Shoals road, being the land which I purchased of Newton Sullivan." The language used by the testator in Items 3 and 4 is the same as that employed by him in Item 2. The phraseology of these items is such as is commonly and properly used to create a fee conditional estate. The testator has used technical words, "heirs of the body" or "bodily heirs," as the case may be, mean all lineal descend-

ants to the remotest posterity, and are words of limitation
and not of purchase, unless the instrument clearly shows
that they were used in a restricted sense, as to indicate
"children." Therefore there can be no doubt that, if
these three items in the will stood alone, the rule in
Shelley's case would apply, and the plaintiffs, John M.
Cureton, Jr., Paschal D. Cureton, and Edna C. Manly,
would take fee conditional estates. *Bethea v. Bethea,* 48
S. C., 440; 26 S. E., 716; *Surles v. McLaurin,* 94 S. C.,
308; 77 S. E., 944; *Adams v. Verner,* 102 S. C., 7; 86 S.
E., 211. But it is contended that the testator by the use
of certain words to be found in the subsequent clauses of his
will intended that the words "bodily heirs" as used by him
in Items 2, 3, and 4 should be construed to mean "children,"
and that each of the plaintiffs, John M. Cureton, Jr.,
Paschal D. Cureton, and Edna C. Manly, take a life estate
with the remainder to their children, as purchasers. The
testator in the first part of Item 8 of his will gave all of
his property, real and personal, except that which he had
already willed to his three children, John M. Cureton, Jr.,
Paschal D. Cureton, and Edna C. Manly, to his wife, Kate
H. Cureton, during her natural lifetime and at her death he
directed that what was left after supporting the family and
educating his children should be divided between his chil-
dren living at his wife's death, and the children of any of
his children that might die in the lifetime of his wife.

Now if the testator had stopped at this point it would be
obvious that he intended to except the devises mentioned in
Items 2, 3, and 4 therefrom, but he concludes this item by
the use of the following language: "If any one of my
children should die without living children, then his or her
portion is to return back to my estate and to be controlled
by my executrix during her life and after her death to be
divided among my children or their bodily heirs. The chil-
dren of a deceased child to take the parent's share." And

the following words appear at the conclusion of Item 10: "And if all my children should die without heirs, and if my wife should also die, I will that my estate go to John M. Cureton, Sr., during his natural life, and afterwards to my sisters, M. A. Stokes, S. A. Greene, and Lucy Elvira Cureton, and their children." It is contended that these concluding words in Items 8 and 10 show that it was not the intention of the testator to use the words employed by him in Items 2, 3, and 4 in their technical sense, but that they were used in a restricted sense denoting "children." The following principles are well established in this State in the construction of wills: "When a gift is made in one clause of a will in clear and unequivocal terms, the quantity or quality of the estate given should not be cut down or qualified by words of doubtful import found in a subsequent clause. To have that effect, the subsequent words should be at least as clear in expressing that intention as the words in which the interest is given." *Walker v. Alverson,* 87 S. C., 60; 68 S. E., 968; 30 L. R. A. (N. S.) 115. "Where an estate is given by will in words of clear and ascertained legal significance, it will not be enlarged, cut down, or destroyed by superadded words in the same or subsequent clauses, unless they raise an irresistible inference that such was the intent of testator." *Adams v. Verner,* 102 S. C., 7; 86 S. E., 211. "Where an estate is devised by clear and unequivocal terms, superadded words of doubtful import must be rejected." *Adams v. Verner,* 102 S. C., 7; 86 S. E., 211.

It is the opinion of the Master that there is nothing in these subsequent clauses of the will to show that it was the intention of the testator to cut down or destroy the estate already granted to his three children. It is true that "heirs of the body" and "bodily heirs" in some cases in this State have been construed to mean "children," yet it is equally true that the word "children" has been construed to have been used

in the sense of "bodily heirs" in order to effectuate the intention of testator or grantor. *Branyan et el. v. Tribble et
al.,* 109 S. C., 58; 95 S. E., 137, and *Dillard v. Yarboro,*
77 S. C., 227; 57 S. E., 841.

The Master, therefore, finds and concludes that each of
the plaintiffs, John M. Cureton, Jr., Paschal D. Cureton,
and Edna C. Manly, take a fee conditional estate, and that
the plaintiff, Paschal D. Cureton, having a child, he can
now convey a good title to the land devised to him in Item
2 of his father's will, and that the other plaintiffs, John M.
Cureton, Jr., and Edna C. Manly, upon the birth of children
to each of them, can make a good title to the land devised
to them in Items 3 and 4 of the will.

The following is the Decree of the Circuit Court:

This case comes before me upon exceptions to the Master's report, and, after hearing argument of counsel, I am
of the opinion that all of the exceptions should be overruled, and that the report of the Master should be sustained.

The testator has used technical words in Items 2, 3,
and 4 of the will, and it is clear under the decisions
of the Supreme Court that each of the plaintiffs
herein, Paschal D. Cureton, John M. Cureton, Jr., and
Edna C. Manly, take fee conditional estates. There is
nothing in the subsequent clauses of the will to show that
the testator intended to use the words employed by him in
Items 2, 3, and 4 in a restricted or limited sense, so as to
denote "children."

In addition to this, I am of the opinion that the
testator in the subsequent clauses of his will excepted the devises mentioned in Items 2, 3, and 4
therefrom. That all the other property which he might own
at his death, and which he gave to his wife for life, should
go as directed in Items 8 and 10 of his will, but not the

property which he had already devised to his children, Paschal D. Cureton, John M. Cureton, and Edna Cureton, now Edna C. Manly.

In the case of *Adams v. Verner,* 102 S. C., 7; 86 S. E., 211, the Supreme Court (quoting from the syllabus) has declared: "Where an estate is given by will in words of clear and ascertained legal significance, it will not be enlarged, cut down, or destroyed by superadded words in the same or subsequent clauses, unless they raise an irresistible inference that such was the intent of the testator," and in this same case the Court has further declared, "Where an estate is devised by clear and unequivocal terms, superadded words of doubtful import must be rejected."

The authorities cited by the Master sustain his conclusions. It is therefore ordered and adjudged that the report of the Master be, and the same is hereby, confirmed in every respect.

*Mr. J. Frank Eppes,* for appellants, cites: *Rule in Shelley's case does not apply*: 23 S. C., 46; 24 S. C., 304; 17 S. C., 130.

*Mr. Oscar Hodges,* for respondents, cites: *Rule in Shelley's case applicable:* 1 Rich. Eq., 411; 48 S. C., 440; 65 S. C., 345; 67 S. C., 307; 91 S. C., 183; 94 S. C., 308; 103 S. C., 202; 87 S. C., 60; 93 S. C., 213; 102 S. C., 7.

April 11, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons assigned by his Honor, the Circuit Judge, the judgment of the Circuit Court is affirmed.

MR. JUSTICE COTHRAN: I concur upon the ground that items 8, 9, and 10 of the will were not intended to apply to the estates devised in 2, 3, and 4. I think that the doctrine of *Adams v. Verner,* 102 S. C., 7; 86 S. E., 211, should be limited to devises which carry, directly, complete estates, as "to A. and his heirs," or "heirs of his body," and should

not be applied to cases of this character, "to A. for life, remainder to the heirs of his body," where a fee conditional can only be established by invoking the rule in Shelley's case. In such cases the inquiry should be wide open, whether the technical words were intended to be so used, or in the sense of children. Report Master's report and circuit decree.