16475

POWER *ET AL.* v. POWER *ET AL.*

(64 S. E. (2d) 14)

*Messrs. Watkins & Watkins,* of Anderson, *for Appellants,*

*Messrs. Hood & Hood,* of Anderson, *for Respondents,*

March 13, 1951.

STUKES, Justice.

W. B. Magruder, late of Anderson County, died there in 1929 leaving of force his last will, executed in 1906, which contained the following devise, in question here:

"All the rest and residue of my property, real, personal or mixed, of whatsoever kind, of which I may die seized and possessed, I give devise and bequeath to my beloved wife, Mrs. Alice S. Magruder, for and during the term of her natural life, with remainder over equally to such of my nieces and nephews as may be living at the time of her death, or if they be then dead, to their children, if any."

Testator had eight nephews and nieces but by the time of the death of the widow in 1950 the plaintiffs were the

only living ones, being a nephew and nieces. A nephew had meanwhile died leaving five children, who are adults and are among the defendants. Another nephew had died leaving one child, who is Mrs. Courtney, defendant. Three of the eight had died unmarried and childless. Thus all persons having any interest in the property are parties.

Plaintiffs brought their action for declaratory judgment upon the contention that they alone, as nephew and nieces of the testator who survived the life tenant, take to the exclusion of the defendants who are children of nephews of the testator who predeceased the life tenant. The lower court held, however, that the defendants take, *per stirpes,* their respective parents' shares by way of substitution. Plaintiffs appealed.

Substitutional estates by devise or legacy, of which that in hand is an example, are universally recognized and upheld. The following is from 57 Am. Jur. 772, Wills, sec. 1181, entitled "Substitution": "It is also generally recognized that if a testator has provided for a substituted beneficiary, the gift to the primary beneficiary will not lapse in case of his predecease of the testator, but will, instead, pass to the substitute." Again, from the same volume, at page 857, sec. 1294: "Where the testator provides that children shall have the portion which would have fallen to their respective parents they take *per stirpes*. So, where there is a gift to the children of several by way of substitution, the children will generally take *per stirpes,* and the same is true with respect to beneficiaries generally who take a gift by substitution upon the decease of those originally intended to be benefited. Similarly, a direction that children shall take their parent's share imports a division *per stirpes,* as a provision that legatees shall take by representation."

Provisions for substitute beneficiaries are, indeed, common in wills. Illustration is found in the recent case of *Jeffords v. Thornal,* 204 S. C. 257, 29 S. E. (2d) 116. It is interest-

ing that the will presently under construction was prepared in the office of a firm of outstanding lawyers. Nevertheless its provision in this particular is quite similar to that contained in Thornal's will although the latter was patently the product of a poorly educated layman. It provided for the sale of all of testator's property after termination of a life estate in his widow, and division of the proceeds, quoting, "one-half to my brothers and sisters if they are living, or if they are dead to be equally divided to their children, share and share alike." The litigation concerned the legacy which would have been taken by a sister of the testator, had she survived the life tenant, which was successfully claimed by her child. There were also grandchildren (whose parent was dead) of the same sister-remainderman. No question was made as to the right of the surviving child of the sister of testator to take by way of substitution, and contest was made only upon the alleged right of the grandchildren to participate.

Much earlier decisions relied upon by the trial court and cited in support of the judgment under appeal are *Anderson v. Smoot,* Speers Eq. 213, and *Simpson v. Cherry,* 34 S. C. 68, 12 S. E. 886. Upon examination we agree that they are apt authorities for the conclusion.

A main contention of appellants is that the effect of the judgment from which they appeal is to cut down the estate devised to the nephews and nieces of testator living at his death, in conflict with the principle of construction against such, and that the concluding words of the devise, to wit, "or if they be then dead, to their children, if any," should in effect be disregarded. The rule referred to is generally stated as follows: Where an estate or interest is given in words of clear and ascertained legal signification, it will not be enlarged, cut down, or destroyed by superadded words in the same or subsequent clause unless they raise an irresistible inference that such was the intention. It is also frequently said that to have such an

effect, the subsequent words should be at least as clear in expression of that intention as the words by which the interest was given. The law on the subject was recently reviewed in *Schroder v. Antipas,* 215 S. C. 552, 56 S. E. (2d) 354. It is inapplicable here.

The "irresistible inference" in the instant case is contrary to appellants' contention. We think it very clear upon careful reading that the intention of the testator was to provide that the children of such nephews and nieces as should die before the life tenant, should take in the place of their respective deceased parents. Moreover, the provision is not a cutting down of the prior devise but is plainly a substitution of surviving children of deceased devisees. The manifest intent of the testator will be carried into effect by substituting the respondents, *per stirpes,* for their respective parents.

Nor do we think well-founded the further contention that because the devise is in the nature of a gift to a class, the membership must be determined at the time of the falling in of the precedent life estate without regard to children of deceased members of the class. The class simply, in effect, includes the children. Application of appellants' contention would virtually strike from the will the substitutional clause, which cannot be justified in view of the intention which is clearly evident upon consideration of all of the clauses of the devise. A primary rule of construction is that all of the provisions of a will should be considered and given harmonious effect in arriving at the testamentary intent, if possible and not in conflict with some rule of law. Appellants are possibly right in their designation of the devise as a class gift and the nephews who died childless prior to the life tenant lost their membership and their interests passed to the others of the class collectively, as is recognized by all the parties; but the deaths of those leaving children who survived the life estate called into play

the last clause of the devise. It is a plain case of substitution and arises from the explicit terms of the will.

The cases which appellants mistakenly rely upon for reversal have been carefully considered and found to be readily distinguishable on the facts. No useful purpose would be served by review of them.

Judgment affirmed.

FISHBURNE, TAYLOR and OXNER, JJ., concur.

LIDE, A. A. J., disqualified.