# Dickinson's Estate.

*Will—Gift of unconsumed portion of estate—Husband and wife.*

A devise of an estate with power to convert and consume, but with a gift over of an unconsumed part on the death of the first taker, carries with it only the power of actual consumption in good faith. A mere nominal conversion, such as marking a judgment to his own use by the first taker, will not prevent the gift over from taking effect.

Words like "wish," "desire," etc., are prima facie precatory only, but where used to express the will or intention of the testator, they are mandatory.

Where a wife devises and bequeaths the whole residue of her estate to her husband absolutely, and follows the absolute gift with these words "should my husband not expend the whole of my estate, then it is my desire at his death to give so much of it as remains to my sister and my two brothers," the administratrix of the wife after the death of the husband is entitled to the estate not consumed by the husband; and it is immaterial that two judgments which were part of the wife's estate had been assigned and transferred by the husband as his wife's executor to himself individually.

Argued Feb. 1, 1904. Appeal, No. 242, Jan. T., 1903, by Isreal B. Dickinson, from decree of O. C. Montgomery Co., Sept. T., 1903, No. 5, awarding citation in estate of Sarah J. Dickinson, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for citation to Israel B. Dickinson, executor of Henry B. Dickinson, deceased.

SOLLY, P. J., filed the following opinion:

Sarah Jane Dickinson, by her will, after directing the payment of her debts and funeral expenses, disposed of her estate in the following language : " All the rest, residue and remainder of my estate, real, personal and mixed, and wherever situated, I give, devise and bequeath unto my beloved husband, Henry B. Dickinson, his heirs and assigns. I give, devise and bequeath at the option of my husband all my wearing apparel to my sister Annie Ulrich and my sister-in-law Elizabeth Dickinson, in such manner as he may see fit. And should my husband not expend the whole of my estate, then it is my desire at his death to give so much of it as remains to my sister, Annie Ulrich, and my two brothers, Algernon J. Martin and John J. Martin."

Letters testamentary were duly granted to the surviving husband. He died December 6, 1902, and since then letters of administration d. b. n. c. t. a. on the estate have been granted to the said Algernon J. Martin.

Among the assets of the estate were the following securities : A mortgage given by one Levi M. Landis, to secure the payment of $1,000, and two judgments against her sister, Annie E. Ulrich, entered in the court of common pleas of Philadelphia county, one for $2,300, and the other for $500, which were both marked to the use of her husband, after her death. The mortgage still stands in her name.

The administrator of the wife's estate claims that by the terms of her will these securities belong to it, not having been converted and consumed by the husband, and he is entitled to them for administration and distribution under her will; that the intention of the testatrix was to give her husband the full use of her estate with power to consume it, and whatever remained unconsumed or unexpended at his death, she bequeathed to her sister and brothers.

The husband's executor on the other hand, claims that the estate vested in him absolutely, and that the subsequent clause of the will expressing her desire to give any unexpended part thereof at her husband's death, is not testamentary, but precatory merely.

If the intent of the testatrix as ascertained from the four corners of the will was to give to her husband the use and enjoyment of her estate with the right to consume it, and to exercise full ownership over it, but in case he did not expend or consume all of it in his lifetime, then to give what remained unexpended or unconsumed at his death to other persons, then the prayer of the petition must be granted and decree made.

The first sentence of the paragraph of the will devises and bequeaths the whole estate to the husband absolutely. The next sentence bequeaths her wearing apparel to her sister and sister-in-law at the husband's option, which is merely precatory. The concluding sentence expresses the desire of the testatrix to give the whole of her estate, not expended by her husband, to her sister and brothers. It is her wish to thus give her estate. It is not her desire or wish or recommendation that her husband shall give the unexpended estate to them. The estate

is not committed to him with expressions of desire as to how he disposed of it. The testatrix makes the disposition herself. She gives him the estate. This carries with it the power to convert, sell, convey, assign and transfer. He could have expended the whole of it, for there is no limitation, restraint or condition attached to the bequest. But if he did not consume or expend it, then what remained at his death she gave to others. This is the reasonable interpretation of the will. He did not consume the whole; what remains, therefore, is her estate, and passes by her will to the legatees.

Words in a will expressive of desire, recommendation and confidence may amount to a declaration of trust, when it appears from the parts of the will that the testator intended not to commit the estate to the devisee or legatee or the ultimate disposal of it to his kindness, justice or discretion: Pennock's Estate, 20 Pa. 268. The principle of this case has been uniformly followed in a long line of later ones marking the distinction between words and expressions which are regarded as either precatory or mandatory: Jauretche v. Proctor, 48 Pa. 466 ; Church v. Disbrow, 52 Pa. 219 ; Burt v. Herron, 66 Pa. 400 ; Bowlby v. Thunder, 105 Pa. 173 ; Hopkins v. Glunt, 111 Pa. 287 ; Boyle v. Boyle, 152 Pa. 108.

Where the words " wish " and " desire " are used in expressing a desire for an act to be done by some person named by the testator, they are generally precatory merely, but no such presumption necessarily arises when the words are used to express the intention and will of the testator. In such cases they are held to be mandatory.

Taylor v. Martin, (S. C.) 20 W. N. C. 27. This case is closely analogous to the one at bar. The testator devised and bequeathed all his estate to his wife for her sole and separate use, behoof and control forever. In the next item of the will, the testator stated that it was his desire and wish that after his wife's death a certain house and lot should go to his son. And in the next item he further stated that it was also his desire and wish that after his wife's death a certain other house and lot should go to his daughter for life, and after her death to his son.

The widow died in possession of the last mentioned house, which by her will she devised to her granddaughter absolutely, it was held that the widow took but an estate for life, and that

the words " wish ", and " desire " as used in the will were not precatory but mandatory as expressing the intention of the testator to dispose of the estate, and that the property passed to the son by his father's will.

If a testator in one part of his will gives an estate of inheritance in lands, or an absolute interest in personalty, and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser estate only, the prior gift is restricted accordingly: Sheets's Estate, 52 Pa. 257. And he may vest such interest in his legatee that he can exercise all the rights of an absolute owner by sale, conversion, investment in his own name, use and consumption, without appeal in his lifetime, and yet the estate be limited so that at his decease whatever remains unconsumed will go over : Good v. Fichthorn, 144 Pa. 287.

The intention of the testatrix, as we gather it, was to give her estate to her husband, and if he did not expend, use or consume the whole of it, then what remained at his death, she gave to her sister and brothers, the word " desire " being mandatory, not precatory merely.

The fact that the two judgments against Mrs. Ulrich were assigned and transferred by the executor to himself individually, does not make them his property and part of his estate, for as was said in Tyson's Estate, 191 Pa. 218, it was not within his power to defeat his wife's intention respecting the unexpended part of her estate by such act. They are none the less her estate although standing in his name, and the orphans' court has control over them and the power to order their transfer to her administrator.

The prayer of the petition is granted.

*Error assigned* was decree awarding citation.

*Conrad S. Sheive* and *Eugene D. Egbert*, for appellant.

*A. R. Place* and *Henry Freedley*, for appellee, were not heard.

PER CURIAM, April 18, 1904 :

The decree is affirmed on the opinion of the learned judge below.