15174

NEWNHAM *ET AL.* v. FOREST HILLS, INC.

(12 S. E. (2d), 10)

432

October, 1940.

*Messrs, Benet, Shand & McGowan* for appellant,

*Mr. James D. Walters,* for respondent,

December 4, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The order of Judge Bellinger follows:

This action is one for the specific performance of a contract for the sale of the real estate described in the complaint. The Master, to whom the issues were referred, has recommended that the defendant be ordered to comply with the terms of the contract sought to be enforced.

The matter is now before me upon exceptions to the master and the questions raised by the exceptions all involve the construction of the will of Emma C. Newnham, deceased.

The plaintiffs have entered into a contract for the sale of the lands described in the complaint. The defendant has refused to comply with the terms of the contract, for the reason that it is claimed the plaintiffs do not have a fee-simple title to the lands in question, but only have a life interest therein.

The issue before me may be briefly stated as follows: Do the plaintiffs have a fee-sample estate in the lands in question, or do they only have a life estate therein?

The plaintiffs are the five children of the testatrix and the daughter-in-law (widow and sole beneficiary of a deceased son).

It is a cardinal rule of construction that the intention of the testatrix must be ascertained from the language used and from attendant circumstances. *Stanton v. David,* 193 S. C., 108, 7 S. E. (2d), 852.

The will was drawn by a layman and consequently it is slightly ambiguous. The will by its terms first devises "to my beloved children all of the rest, residue and remainder of my property, the division of said property to be as follows:" The will then devises to the four married children each a one-sixth interest. The two unmarried daughters are each devised a one-sixth interest with a proviso in case of their death.

The defendant contends that the proviso as to the deaths of the children cut the interests of the plaintiffs from a fee-simple to a life estate in each instance.

The following quotation from *Hutto v. Ray,* 192 S. C., 364, 6 S. E. (2d), 747, 749, sets forth the rule of construction which in my opinion controls the question here at issue: "In *Cureton v. Little,* 119 S. C., 31, 111 S. E., 803, 804, it is said: 'The following principles are well established in this state in the construction of wills: "When a gift is made in one clause of a will in clear and unequivocal terms, the quantity or quality of the estate given should not be cut down or qualified by words of doubtful import found in a subsequent clause. To have that effect, the *subsequent words should be at least as clear in expressing that intention as the words in which the interest* is given." ' " Also see *Lucas v. Shumpert,* 192 S. C., 208, 6 S. E. (2d), 17.

Applying the foregoing rule to the facts here, it is clear that the testatrix intended to give to her children a one-sixth interest in fee to the lands described in the complaint. The provisos were no doubt placed in the will to take care of the contingency which might have arisen, but did not;

that is, the contingency that any one or more of the children might predecease the testatrix.

The exceptions to the Master's report must be overruled and the report must be confirmed.

It is, therefore, ordered, adjudged and decreed that the exceptions to the Master's report be and the same are hereby overruled, and the report of the Master, except as herein modified or changed, is made the order and judgment of this Court.

This action is brought for the specific enforcement of a contract between the parties defendant and plaintiff, relating to real estate. The defendant, in answering the complaint, declares its readiness to comply with the contract provided the plaintiffs tender to it a good deed in fee simple to the real estate, which has not been done.

The question to be determined by the Court is what estate is given to the plaintiffs by the will of their mother, Mrs. Emma C. Newnham, the pertinent clauses of which are as follows:

"Item 1: After the payment of the expenses for my last illness and funeral and the payment of my debts, if any, I give, bequeath and devise to my beloved children all the rest, residue and remainder of my property, the division of said property to be as follows:

"To William Harold Newnham—one-sixth share.

"To Eugene Newnham—one-sixth share.

"To Charles Albert Newnham—one-sixth share.

"To Genevieve Casson—one-sixth share.

"To Alys Louise Newnham—one-sixth share, and in case of the death of the said Alys Louise Newnham before she has received her share, her said share to go to Edna May Newnham. *Proviso:* If said Alys Louise Newnham marries, her share to be given to her heirs.

"To Edna May Newnham—one-sixth share, and in case of the death of the said Edna May Newnham before she

has received her share, her said share to go to Alys Louise Newnham. *Proviso:* If said Edna May Newnham marries, her share to be given to her heirs.

"In case of the death of William Harold Newnham, Eugene Newnham, Genevieve Casson, Charles Albert Newnham, their respective shares to revert to their heirs."

The case was referred to the Master of Richland County, who filed a report holding that the plaintiffs took an estate in fee simple. Upon exceptions to this report, the case was heard by Hon. G. Duncan Bellinger, Judge of the Fifth Circuit, who, by decree, confirmed the report of the Master and ordered the specific performance of the contract by the defendant, upon the presentation to it of a deed conveying in fee simple the interests of the plaintiffs in the real estate described in the contract.

We think the circuit decree correctly disposes of the case.

It seems clear that the testator, by the first paragraph of her will, intended to give to her children a one-sixth interest, in fee simple, in her property, which included the tract of land involved in this case. It does not need the use of words of inheritance to convey the fee by will. It is equally well established, as is shown by the decree of Judge Bellinger, which will be reported, that when a gift is made in one clause of a will in clear and unmistakable terms, it cannot be cut down by a subsequent clause by words of doubtful import. We think that the words which convey a fee to the children of the testator by the first clause of her will cannot be cut down by the words of the later clause, to wit: "To Alys Louise Newnham—one-sixth share, and in case of the death of the said Alys Louise Newnham before she has received her share, her said share to go to Edna May Newnham. *Proviso:* If said Alys Louise Newnham marries, her share to be given to her heirs." And the clause of like import to Edna May Newnham. Each of them has received her share and, we hold, takes it in fee simple. Under the rule stated in the Circuit degree, and in the Master's

report, this provision of the will may be, and is, disregarded. In addition to the authorities quoted by them, we may add these:

In the case of *Lucas v. Shumpert et al.,* 192 S. C., 208, at page 212, 6 S. E. (2d), 17, at page 19, which involves a question of fee conditional, this is said: "Where an estate in fee conditional by operation of the rule in *Shelley's* case is devised by clear and unequivocal terms, superadded words of doubtful import must be rejected, and superadded words in the same or subsequent clauses, unless they raise an irresistible inference that testator's intent was to enlarge, cut down, or destroy the fee conditional created, cannot be given an effect which would result in such alteration of the fee conditional. *Cureton v. Little, supra*; *Adams v. Verner,* 102 S. C., 7, 86 S. E., 211." ·

This rule applies equally well to the matter of fee simple.

In the case of *Walker v. Alverson,* 87 S. C., 55, 68 S. E., 966, 968, 30 L. R. A., (N. S.), 115, this is said by Mr. Justice Hydrick, who was a recognized, sound exponent of the law of testamentary instruments: " * * * When a gift is made in one clause of a will in clear and unequivocal terms, the quantity or quality of the estate given should not be cut down or qualified by words of doubtful import found in a subsequent clause. To have that effect, the subsequent words should be at least as clear in expressing that intention as the words in which the interest is given."

In the clause of the will under discussion, it is provided that if Alys Louise Newnham die before she receives her share, it shall go to Edna May Newnham; that proviso cuts no figure now because Alys Louise has received her share. The further provision of that clause may be disregarded under the rule just above cited.

We are of the opinion that the plaintiffs hold in fee simple the real estate in dispute.

The exceptions are overruled and the decree appealed from is affirmed. Let it be reported.

Messrs. Justices Baker, Fishburne and Stukes and Mr. Acting Associate Justice L. D. Lide concur.