15944

WATES *ET AL.* v. FAIRFIELD FOREST PRODUCTS CO., INC.

(42 S. E. (2d) 529)

*Mr. B. E. Nicholson,* of Edgefield, for Appellant, cites:

*Mr. J. R. Folk,* of Edgefield, for Respondents, cites:

May 5, 1947.

OXNER, AJ.: This appeal involves the construction of the will of Mrs. Annie Wates who died in December, 1932. Her will, executed on November 15, 1932, consists of three paragraphs reading as follows:

"1st. I will & bequeath to my beloved Husband D. B. Wates all my estate, real & personal, to wit 194 acres of land situate in Moss Township Edgefield Co., S. C., also all personal property now in our possession.

"2nd. I will that my beloved husband D. B. Wates shall enjoy possession & benefits of the said Estate during the remainder of his life.

"3rd. I will that the residue of said Estate after the decease of my beloved husband D. B. Wates shall be equally divided between our children & their heirs."

In addition to her husband named in the will, the testatrix was survived by six children, all of whom are now more than 21 years of age and are respondents in this action. D. B. Wates remarried in 1934 and thereafter died intestate on December 16, 1940, leaving as his sole heirs at law his widow and the respondents, his children.

On November 27, 1946, respondents contracted in writing to sell and appellant to buy the 194-acre tract of land mentioned in the above will. The price agreed upon was $2,-716.00. Appellant refused to comply with the contract upon the ground that the respondents could not convey fee-simple title to the premises. Thereafter respondents brought this action for specific performance. Appellant stated in its answer that it was ready and willing to comply with said contract provided it could obtain fee-simple title, but alleged that under the first paragraph of said will, D. B. Wates acquired fee-simple title to said tract of land and as he subsequently died intestate leaving a widow and respondents as his heirs at law, his widow inherited an interest in said tract which was not conveyed by the tendered deed. Appellant further maintained in its answer that even if the will be construed as devising only a life estate to D. B. Wates, the third paragraph of said will did not vest Respondents with a fee-simple title in remainder to said tract of land. The lower Court held that the deed tendered by respondents conveyed fee-simple title to the premises and dircted specific performance. This appeal followed.

The principal question to be determined is what estate was given to D. B. Wates under the will. Respondents contend that he only acquired a life estate while appellant contends that he acquired a fee-simple estate. Appellant says that under the first paragraph of the will D. B. Wates took an estate in fee-simple and that the subsequent paragraphs are of doubtful import and therefore insufficient, under the applicable rules of construction, to qualify or cut down the absolute estate previously given.

There is no doubt of the soundness or wisdom of ▉ the rule that when a gift is made in one clause of a will in clear and unequivocal terms, the quality or quantity of the estate given should not be cut down or qualified by words of doubtful import found in a subsequent clause. To have that effect, the subsequent words should be at least as clear in expressing that intention as the words in which the interest is given. Among the more recent cases in which we have had occasion to review the authorities and apply this rule are *Newnham et al. v. Forest Hills, Inc.,* 195 S. C. 431, 12 S. E. (2d) 10, and *Peecksen v. Peecksen,* 206 S. C. 497, 34 S. E. (2d) 787. But of equal importance is the rule that we must ascertain and give effect to the intention of the testator unless it conflicts with some well-settled rule of law. "Another cardinal rule is that, in ascertaining the intention, the will must be read as a whole, and force and effect must be given to all parts of it, every clause, phrase, and word, if it can be done by any reasonable method of construction, so as to harmonize them with each other and with the whole." *Burriss et al. v. Burriss et al.,* 104 S. C. 441, 89 S. E. 405. In *Albergotti et al. v. Summers et al.,* 205 S. C. 179, 31 S. E. (2d) 129, we said: "Rules of construction are designed to aid in determining the intention of the testator as expressed in the will, but when that intention has been clearly expressed and does no violence to established rules of law, arbitrary and technical rules of construction should not be permitted to defeat it."

It will be observed that under the first paragraph a fee-simple estate is not expressly given to D. B. Wates. Such is the effect of the language used, when considered apart from the other paragraphs, only by virtue of the following statute (Section 8923, Code of 1942): "No words of limitation shall be necessary to convey an estate in fee simple by devise, but every gift of land by devise shall be considered as a gift in fee simple, unless such a construction be inconsistent with the will of the testator, expressed or implied."

After making the devise to D. B. Wates in paragraph one, it is stated in paragraph two that he "shall enjoy possession & benefits of the *said Estate* during the remainder of his life." (Italics ours.) These are not words of doubtful import. It unmistakably appears that the testatrix intended that her husband should have only a life estate. The testatrix then proceeds in paragraph three to dispose of the fee in remainder. She directs "that the residue of *said Estate* after the decease of my beloved husband D. B. Wates shall be equally divided between our children & their heirs." (Italics ours.) Here again we think there can be no doubt as to the intention of the testatrix.

If, as appellant contends, the testatrix intended to dispose of all of her estate, in fee-simple, in the first paragraph of her will, paragraphs two and three are rendered meaningless. It was said in *Lemmon et al. v. Wilson et al.,* 204 S. C. 50, 28 S. E. (2d) 792, that "only a very strong reason can justify the treatment of any of the testator's words in his last will and testament as surplusage." On the other hand, if the will is construed as only giving to D. B. Wates a life estate, such a construction harmonizes and gives effect to all parts of the will and is also in accordance with the obvious intention of the testatrix.

We therefore hold that D. B. Wates took only a life estate. In reaching this conclusion we have carefully considered the case of *Smith v. Smith,* 93 S. C. 213, 76 S. E. 468, upon which appellant principally relies, and find nothing therein in conflict with the views herein expressed. On the other hand, we think the case of *Simpson et al. v. Antley,* 137 S. C. 380, 135 S. E. 469, tends to sustain our conclusion.

Appellant further contends that even if D. B. Wates acquired only a life estate under the terms of said will, respondents under paragraph three did not acquire an estate in remainder in fee. In this connection, our attention is called to the phrase "& their heirs" after the word "children" in said paragraph, but we think it is clear

that the word "heirs" should be construed in its technical sense as a word of limitation.

The deed tendered to appellant conveyed fee-simple title and the lower Court correctly held that respondents were entitled to specific performance.

Judgment affirmed.

BAKER, CJ., FISHBURNE, STUKES and TAYLOR, JJ., concur.