16281

SCHRODER v. ANTIPAS *ET AL.*

(56 S. E. (2d) 354)

554

*Messrs. M. Martin Davis and I. H. Jacobson,* of Charleston, *for Appellant,*

*Mr. Thomas P. Bussey,* of Charleston, *for Respondent, Gus Antipas,*

*Messrs. Robert M. Hollings and J. D. E. Meyer,* of Charleston, *for Respondents, United Lutheran Church in America and John Doe and Richard Roe,*

November 15, 1949.

STUKES, Justice.

Jacob H. Schroder, a childless corner grocer at Charleston, prepared and executed his will dated May 17, 1916. He died August 2, 1920, and the will was probated August 7, 1920, and appellant, his widow, qualified as executrix. Recently she bargained to sell a parcel of the devised real estate to the respondent, Gus Antipas, who questioned her ability to convey the fee-simple title and this action for specific performance ensued. The questioned terms of the will follow (original spelling and punctuation preserved) : "I give devise and bequeath my entire estate real and personal mixed and of every kind and dissciption whatsoever which I may own or be in any wise entitled to at the time of my death unto my wife Emma R. Schroder her heirs executors adminestrators and assignis for ever. I hereby announce constutute and appoint my Said wife Emma R. Schroder Sole executrix of this my last will and testament. During her life time and after her death said estate is to be given to the United Synod of the Southern Evangelical Lutheran Church for aiding worthy Young men for the Gospel Ministry in said Synod."

Other respondents, defendants below, are the successor of the United Synod, named in the will, and fictitious representatives of all unknown young men who might benefit under the terms of the will and the summons was published as to them, in accord with the statute. All parties are represented by counsel and the answer of the Church included appearance in behalf of the unknown defendants as representatives of the class to which they belong. Thus all with any possible interest in the property under the will are parties to the action and will be concluded by the judgment. This course was directed in a former appeal. See 214 S. C. 87, 51 S. E. (2d) 365.

The trial court decided that the effect of the will was to vest in appellant a life estate in the property, with remainder at her death to the Church, a corporation, in trust for the use stated in the will. This we think was error because the first portion of the will by clear and unmistakable terms devised the fee to appellant.

In *Adams v. Verner*, 102 S. C. 7, 86 S. E. 211, 212, many of our older decisions were reviewed and also similar, earlier English cases and the rule was stated, as follows: "On the other hand, one of the soundest rules of construction, founded by the sages of the law, the wisdom of which has been approved by succeeding generations as affording security and certainty to estates, is that, where an estate or interest is given in words of clear and ascertained legal signification, it shall not be enlarged, cut down, or destroyed by superadded words in the same or subsequent clauses, unless they raise an irresistible inference that such was the intention."

Concise statement of the rule is also found in *Walker v. Alverson*, 87 S. C. 55, 68 S. E. 966, 968, 30 L. R. A., N. S., 115, as follows: "When a gift is made in one clause of a will in clear and unequivocal terms, the quantity or quality of the estate given should not be cut down or qualified by words of doubtful import found in a subsequent clause. To have that effect, the subsequent words should be at least as clear in expressing that intention as the words in which the interest is given."

Cases, among others, in which the principle has been applied with regularity in this State are: *Howze v. Barber*, 29 S. C. 466, 470, 7 S. E. 817; *Jennings v. Talbert*, 77 S. C. 454, 58 S. E. 420; *Smith v. Smith*, 93 S. C. 213, 76 S. E. 468; *Lawrence v. Burnett*, 109 S. C. 416, 96 S. E. 144; *Cureton v. Little*, 119 S. C. 31, 111 S. E. 803; *Hutto v. Ray*, 192 S. C. 364, 6 S. E. (2d) 747; *Newnham v. Forest Hills, Inc.*, 195 S. C. 431, 12 S. E. (2d) 10; *Tiencken v. Zerbst*, 196 S. C. 438, 13 S. E. (2d) 483; *Peecksen v. Peecksen*, 211 S. C. 543, 34 S. E. (2d) 787.

This court said, per Justice McIver, in *Howze v. Barber,* *supra,* 29 S. C. 466, 470, 7 S. E. 817, 819, in applying the stated rule: "The rule, as we understand it, both of law and of common sense, is that, where an absolute and unqualified estate is first created in words which import absolute and uncontrollable ownership, words relied upon to show that the testator intended to cut down such an estate, or to affect it with any trust, must not only be mandatory, but must, in themselves, show the manner in which they are to operate, so that the purpose of the testator may clearly appear, how or in what degree he intended to cut down the estate previously created, or what was the precise nature of the trust he intended to impress upon it. 2 Story, Eq. Jur. § 1069; 2 Pom. Eq. Jur. § 1014 *et seq.*; *Howard v. Carusi,* 109 U. S. 725, 3 S. Ct. 575 [27 L. Ed. 1089]; *Lesesne v. Witte,* 5 S. C. 450."

The language of Justice Hydrick in *Lawrence v. Burnett,* *supra,* 109 S. C. 416, 96 S. E. 144, 146, was: "Now, bearing in mind the well-settled rule that where an estate is once given by words of clear and ascertained legal significance, it will neither be enlarged nor cut down by superadded words in the same or subsequent clauses of the will, unless they raise an irresistible inference that such was the intention of the testator * * *."

Justice Cothran, in writing the opinion in *Werber v. Moses,* 117 S. C. 157, 108 S. E. 396, 398, quoted with approval the following from *McClellan v. Mackenzie,* 6 Cir., 126 F. 701, 61 C. C. A. 619: "If there is anything well settled it is that a Court will not cut down an estate once granted absolutely in fee by limitations contained in subsequent parts of a will, unless the intent to limit the devise is manifested clearly and unmistakably. If the expression relied upon to limit a fee once devised be doubtful, the doubt should be resolved in favor of the absolute estate."

The principle was plainly inapplicable to the will construed in *Wates v. Fairfield Forest Products Co.,* 210 S. C. 319,

42 S. E. (2d) 529, a case depended upon by respondent, but it was recognized and stated in positive terms.

The purported gift to the Synod does not meet these tests. Set off by periods, after the absolute devise to testator's wife and the intervening appointment of her as executrix, it reads: "During her life time and after her death said estate is to be given to the United Synod * * * for aiding worthy Yong men for the Gospel Ministry in said Synod."

It is not a remainder, the words negative that; yet the words relate to the future—"is to be given." Is it a suggestion to the wife to give from the estate to the Synod during her lifetime? If it should be held effective to create a remainder, what of the fund? Could the principal of the estate be used by the Synod "for aiding Yong men", or only the income? And what form of aid and at what time, for education, support, or what? Other questions might be asked which would likewise demonstrate the uncertainty of the words. Unquestionably they are of doubtful import. They do not raise an irresistible inference that the testator intended by them to cut down the fee-simple estate which he had earlier in his will given to his wife by unequivocal terms, indeed technical, legal terms. And legal terms are none the less meaningful when used by laymen unless in exceptional cases the context clearly indicates the contrary. 34 South Eastern Digest, Wills, Key 457, page 380 *et seq.* Late, well-reasoned decisions to the point are *Jarecky v. Jarecky,* 194 S. C. 456, 9 S. E. (2d) 922, and *Bonds v. Hutchison,* 199 S. C. 197, 18 S. E. (2d) 661.

Not overlooked is the primary rule that the testator's intention should prevail when ascertainable from the will and not counter to law. But in a court's search for the testamentary intention it has to be guided by the time-tested rules of construction and the rule applicable here leaves no room for argument. The questioned provision, as construed by the trial court, is wholly irreconcilable with the prior perfect devise of the whole estate; and it is ineffective

because of that and because of its doubtful import. It must be disregarded.

In opposition to this view respondent relies upon the tenet often applied that all parts of a will should be considered in pursuit of testator's intention if practicable, but in cases such as this and those cited *supra* the latter, inconsistent and uncertain provision cannot be given effect to cut down the prior complete disposition. In cases where rules of construction clash that most nearly applicable must be followed, which makes it impracticable to follow the other. The decisions referred to in the circuit decree as supporting it and the additional authorities contained in respondents' brief have been carefully examined and we think none of them in conflict with the conclusion which has been reached.

The judgment is reversed and the respondent Antipas will be required to comply with his contract of purchase, for which purpose the case is remanded to the Court of Common Pleas.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.