17047

NELLIE M. SHEVLIN *ET AL.*, Appellants, v. COLONY LUTHER-
AN CHURCH *ET AL.*, Respondents

(88 S. E. (2d) 674)

*Messrs. Jack R. Callison,* of West Columbia, and *Callison & Lind,* of Columbia, *for Appellants,*

*Messrs. Clarkson & Hunter,* and *Blease & Saint-Amand,* of Newberry, *for Respondents,*

August 1, 1955.

OXNER, Justice.

We are called upon on this appeal to construe the will of *Sylvenus v. Shevlin.* The testator, after providing for the payment of his debts, funeral expenses and the erection of a suitable monument at his grave, disposed of his estate as follows:

"Item III.   I will, devise and bequeath unto my beloved wife, Dora Dominick Shevlin, all real estate of every nature and description of which I may die seized and possessed, and also all my personal property of every nature and description and choses in action and money, that is to say to the said Dora Dominick Shevlin all my property of every nature and description, both real and personal, to use for her comfort, maintenance and support, to sell and dispose of same in any manner she may deem best, and to invest same in such manner as she may see fit, and if there be any of my estate or the proceeds thereof left at her death, then such as may be left, I desire to go as follows, to wit: one fourth of such to

be invested and the proceeds of same to be used for the maintenance and upkeep of her and my graves in Colony Cemetery and also for the upkeep of the said Colony Cemetery, one fourth to go to the Lowman Home and the balance of one-half to go to the Colony Church, this to be used for repairs and general upkeep of Colony Lutheran Church in Newberry County, South Carolina.

"Item IV. I hereby nominate, constitute and appoint my beloved wife, Dora Dominick Shevlin, as Executrix of this my last will and testament, with full power to handle my said estate, to sell and convey, make deeds and acquittances and to dispose of my said property, both real and personal as she may deem best or to hold and keep same for her own uses and purposes as she chooses, and that she is to serve as such Executrix without bond."

As the testator and his wife Dora Dominick Shevlin, were proceeding to church on Sunday morning, December 16, 1951, the automobile in which they were traveling was struck by a train at a railroad crossing. As a result of the injuries sustained, she died instantly and he a few minutes later. The testator left surviving as his sole heirs at law the appellants, brothers, sisters, nephews and nieces residing in various western states, with whom he had only infrequent contacts. Both the testator and his wife had for a number of years been devoted members of the Colony Lutheran Church in Newberry County. They were also very active in the institutions connected with this denomination.

The contest here is between appellants and the Colony Lutheran Church, Colony Church Cemetery and the Lowman Home, which are among the respondents on this appeal. Appellants contend that under the will absolute title to all of the testator's property was given to his wife; that since she predeceased him, the gift to her lapsed; and that as his sole heirs at law, they are entitled to the whole estate, which has been appraised at approximately $50,000.00.

Respondents say that the testator intended to give his wife only the use of his estate for her comfort, maintenance and

support, coupled with the unrestrained power to dispose of all or any part of same and use the proceeds for such purposes, and then to give what remained unexpended or unconsumed at her death to the charities named in Item III.

Both the Special Referee, to whom the case was referred, and the Circuit Judge adopted the construction advanced by respondents.

In support of their proposed construction of the will, appellants argue that the words first employed in Item III clearly import an absolute estate and that the superadded words "to use for her comfort, maintenance and support, to sell and dispose of same in any manner she may deem best" and the powers given in Item IV are merely legal incidents of the estate previously given; that the provision relating to the charities constitute merely a precatory expression and cannot be reasonably taken as the basis for a devise or bequest; and that even though such provision be construed as not being of a precatory nature, it must fail because (1) repugnant to and inconsistent with the estate first given and (2) an absolute estate cannot be cut down or qualified by words of doubtful import found in a subsequent clause.

We approach the construction of this will, as was done in the recent cases of *Rogers v. Rogers,* 221 S. C. 360, 70 S. E. (2d) 637, and *Davis v. Davis,* 223 S. C. 182, 75 S. E. (2d) 46, by first undertaking to ascertain the intention of the testator without reference to any rules of construction. If we but let the will speak for itself, the meaning is clear. The primary concern of the testator was the comfort and support of his wife. To this end he gave her the use and enjoyment of his property, coupled with unrestrained power of disposition. In the event she did not expend or consume all of the corpus in her lifetime, he wished one-fourth of the remainder to be used for the upkeep of the cemetery in which he and his wife would be buried and the balance to go to the Lowman Home and to the Colony Church. He had near relatives but there is no indication that he intended for them to share in his estate.

We cannot consider the clauses in Item III piecemeal. The intent must be gathered from the whole instrument, attributing due weight to all its language, considered in the light of the circumstances known to the testator at the time of execution. If practicable, effect must be given to every part. If it can be done by any reasonable construction, all clauses must be harmonized with each other and with the will as a whole. *Burriss v. Burriss,* 104 S. C. 441, 89 S. E. 405; *Wates v. Fairfield Forest Products Co., Inc.,* 210 S. C. 319, 42 S. E. (2d) 529; *Peecksen v. Peecksen,* 211 S. C. 543, 34 S. E. (2d) 787.

It will be noted that nowhere in the will is the testator's wife expressly given a fee simple estate. Such is the effect of the language used in the first clause of Item III only by virtue of Section 19-232 of the Code of 1952, which dispenses with the necessity of words of inheritance in creating a fee simple estate by will. The testator's intention as to the estate conveyed in the first clause is immediately explained by saying that the property is to be used for the comfort, maintenance and support of his wife, with the right to sell and dispose of same in any manner she deemed best, and at her death the unexpended corpus is to be disbursed for certain named purposes. If an absolute estate was intended, reference to its use for his widow's support and the power given her to sell and convey were unnecessary. Indeed, if we adopt appellants' construction, all that follows the phrase "that is to say" becomes entirely superfluous. It was said in *Lemmon v. Wilson,* 204 S. C. 50, 28 S. E. (2d) 792, 800, that "only a very strong reason can justify the treatment of any of the testator's words in his last will and testament as surplusage." It is stated in the decree of the Court below that the will in controversy was drawn by a lawyer of long experience. "If so, this is an added reason why some effect should be given to the superadded words." *Rogers v. Rogers, supra,* 221 S. C. 360, 70 S. E. (2d) 637, 641.

Having now ascertained the intention of the testator, it should be given effect unless it contravenes some well settled rule of law or public policy. It is generally held that a testator may give another the use and enjoyment of his property for life with full right to consume all or any part, and then provide for the disposition of any unconsumed remainder. *Hamrick v. Marion,* 176 S. C. 361, 180 S. E. 213; *Rogers v. Rogers, supra.* The subject is annotated in 17 A. L. R. (2d) beginning on page 7. The fact that a life estate is given to one coupled with the power to consume the corpus does not enlarge such an estate into a fee or absolute estate. *Rogers v. Rogers, supra.*

We next consider appellants' contention that the clauses in Item III relating to the disposition of any unconsumed remainder are merely of a precatory nature and should not be considered mandatory. The use of the word "desire" may be precatory in its significance or it may "amount to a direction according as the intention of the testator may be gathered from the whole instrument." *Ellison v. Mattison,* 112 S. C. 183, 98 S. E. 840, 842. If from the whole instrument it can be seen that the word expresses the definite will of the testator, it should be given that effect. Ordinarily where the word is used in expressing a desire for an act to be done by some person named by the testator, it is merely precatory, but no such presumption arises when the word is used to express the intention and will of the testator. In re Dickinson's Estate, 209 Pa. 59, 58 A. 120; 57 Am. Jur., Wills, Section 1328. In the will before us the testator does not express a desire or recommendation that his wife shall give the unexpended estate to the institutions named. The unconsumed remainder is not committed to her with expressions of desire as to how she shall dispose of it. The testator makes the disposition himself. We do not think the word "desire" here was used in a precatory sense. On the contrary, it was used as expressing the definite will of the testator and should be given mandatory effect.

There remains for consideration appellants' contention that the limitation over, if construed as expressing the definite will of the testator, is repugnant to the estate first given. Further invoked is the well established rule that when a gift is made in one clause of a will in clear and unequivocal terms, the quality or quantity of the estate cannot be cut down or qualified by words of doubtful import found in subsequent clauses.

It is true that an estate devised in fee cannot by subsequent limitation be stripped of its legal incidents, and where it appears that the controlling intention is to give an absolute estate, subsequent language inconsistent therewith must be held ineffective. *Rogers v. Rogers, supra.* " 'But before this doctrine may be invoked, it must appear clearly, from a reading of the whole will, that testator's intention was to vest in the first taker an estate of absolute ownership. The use of words of restriction after language which in itself would be sufficient to create an absolute estate may of course be evidence—to be considered with other provisions in the will—of an intent to create a less estate.' " In re Byrne's Estate, 320 Pa. 513, 181 A. 500, 502. The Court there summed up the applicable principles as follows : "If the intention of the testator is to be given effect, as it must be, courts must be permitted, considering each case separately, to hold ineffective words of restriction and to enforce an absolute estate, where such an estate was intended, or, conversely, to disregard words of absolute gift and to declare the estate created to be a limited estate where a clear intention to that effect appears." Also, see *Burriss v. Burriss, supra,* 104 S. C. 441, 89 S. E. 405.

As heretofore pointed out, the language used in the first part of Item III is sufficient standing alone to pass an absolute or fee simple estate, yet that immediately following discloses an intent to limit the use and enjoyment of the estate to the life of the widow. No good reason appears why this qualifying language, which we do not regard as of doubtful import, should not be given its qualifying effect.

606

In *Wates v. Fairfield Forest Products Co., Inc., supra,* 210 S. C. 319, 42 S. E. (2d) 529, the testatrix in the first paragraph of her will gave all of her property to her husband. Standing alone, this gave him a fee simple estate. It was held, however, that the subsequent paragraphs disclosed a clear intent to limit the estate given in Paragraph 1 to a life estate, and the will was so construed. To the same effect is *Joyce v. Bode,* 74 S. C. 164, 54 S. E. 239. In *Kent v. Morrison,* 153 Mass. 137, 26 N. E. 427, 10 L. R. A. 756, and In re Dickinson's Estate, *supra,* 209 Pa. 59, 58 A. 120, wills strikingly similar to the one under consideration were construed as not giving the first taker a fee simple estate.

We have carefully examined the following decisions upon which appellants principally rely: *Moore v. Sanders,* 15 S. C. 440; *Smith v. Smith,* 93 S. C. 213, 76 S. E. 468; *Tiencken v. Zerbst,* 196 S. C. 438, 13 S. E. (2d) 483; *Schroder v. Antipas,* 215 S. C. 552, 56 S. E. (2d) 354. No useful purpose would be served by reviewing them. It is sufficient to say that we do not think these cases are in conflict with the conclusion reached in the instant case.

The order of the Circuit Court is affirmed.

Stukes, Taylor and Legge, JJ., and Joseph R. Moss, Acing Associate Justice, concur.