### 19022

Florrie B. KING, as Executrix of the Estate of Leonard S. King, Respondent, v. SOUTH CAROLINA TAX COMMISSION et al., Appellants.

(173 S. E. (2d) 92)

*Messrs. Daniel R. McLeod, Attorney General,* and *Joe L. Allen, Jr.,* and *G. Lewis Argoe, Jr., Assistant Attorneys General,* of Columbia, *for Appellant,*

*Messrs. Shand & Lide,* of Hartsville, *for Respondent,*

March 5, 1970.

LEWIS, Justice.

This action for declaratory judgment involves the construction of the will of Leonard S. King, deceased, to determine the nature of the estate devised therein to his wife, Mrs. Florrie B. King.

Mr. King left an estate subject to the South Carolina estate taxes. Mrs. King, as executrix of her husband's will, filed an estate tax return with the South Carolina Tax Commission in which she claimed the marital deduction provided for by Section 65-455 of the 1962 Code of Laws. The deduction was claimed on the basis that her husband's will devised to her a fee simple, non-terminable, title to his estate. The Tax Commission disallowed the claimed deduction, taking the position that Mrs. King was devised only a life estate under the will, and assessed the tax on that basis. This action was subsequently brought by Mrs. King against the Tax Commission and all other interested parties to have the will construed so as to resolve the controversy relative to the tax liability of the estate. The lower court construed the will as devising a fee simple title to the wife, from which only the Tax Commission has appealed.

The will was executed by both Mr. and Mrs. King and recited in the first paragraph that it was made "as and for our joint Last Will and Testament." The will then provided as follows:

"Item 1. We hereby direct the executor or executrix of the estate of us to pay all of our just debts and funeral expenses out of the first moneys coming into their respective hands, and to erect markers on our graves.

"Item 2. We hereby give, devise and bequeath all of the rest, residue and remainder of our property of every sort

and description and wheresoever situate unto the survivor of us.

"Item 3. Upon the death of the survivor of us, we hereby give, devise and bequeath such rest, residue and remainder of our property as follows: * * *." (The remaining portion of this item is made up of sub paragraphs "a" and "b" which name those to whom such remainder shall go. Under "a", one-half of such remainder is devised to the brothers and sisters of Mr. King and, under "b", the other one half is given to nieces, nephews, and brothers of Mrs. King.)

(Item 4 names the executor or executrix of the will and is the concluding item).

The parties agree that the sole question to be decided is whether under the terms of the foregoing will a fee simple title or only a life estate was devised to the wife.

The lower court construed Item 2 of the will as "an absolute devise in fee simple to the survivor"; and interpreted Item 3 "as merely passing so much of the assets which may remain at the death of the survivor to those persons named as devisees, in the event that the survivor has not executed a new will prior to her demise, or in the case both testators met with simultaneous deaths." The will was accordingly construed "as creating a fee simple, nonterminable, interest" in the survivor, Mrs. King. We disagree.

The primary purpose in construing a will is to determine from the entire instrument the intent of the testator as expressed in the words used. Such intent, when so found, must be given effect unless it contravenes some well settled rule of law or public policy. We cannot consider the will piecemeal; but must attribute due weight to all of its language, giving effect to every part, if under a reasonable interpretation, all of the provisions can be harmonized with each other and with the will as a whole. *Wates v. Fairfield Forest Products Co., Inc.,* 210 S. C. 319, 42 S. E. (2d) 529; *Rogers v. Rogers,* 221 S. C. 360, 70 S. E. (2d) 637; *Shevlin v. Colony Lutheran Church,* 227 S. C. 598, 88 S. E. (2d) 674.

Equally well settled is the rule that "when a gift is made in one clause of a will in clear and unequivocal terms, the quality or quantity of the estate given should not be cut down or qualified by words of doubtful import found in a subsequent clause. To have that effect, the subsequent words should be at least as clear in expressing that intention as the words in which the interest is given. *Wates v. Fairfield Products Co., Inc., supra.*

The provisions in question are found in Items 2 and 3 of the will. After providing in Item 1 for the payment of their debts and funeral expenses, Item 2 devises "all the rest, residue and remainder of our property * * * unto the survivor of us." As pointed out in the *Wates* and *Shevlin* cases, *supra,* such a devise does not expressly give a fee simple estate and has such effect only by virtue of the following provisions of Section 19-232 of the 1962 Code of Laws:

"No words of limitation shall be necessary to convey an estate in fee simple by devise but every gift of land by devise shall be considered as a gift in fee simple unless such a construction be inconsistent with the will of the testator, express or implied."

After the devise in Item 2, Item 3 then devises, "upon the death of the survivor of us, * * * such rest, residue and remainder of our property" to the named relatives. This language is mandatory and clearly devises the *remainder* in the property referred to in Item 2. Such devise would have no effect unless the intent was to convey in Item 2 a life estate.

When Items 2 and 3 are construed together, there is clearly evidenced an intent that the wife have the use and benefit of the property during her lifetime and that *such remainder* pass, at her death, to the beneficiaries named. This construction gives effect to all provisions of the will.

The holding of the lower court, that Item 3 is effective only if the survivor fails to execute a new will prior to her

death or both testators met with simultaneous deaths, is without support in any language of the will, express or implied.

The position is taken that, although Item 2 does not expressly devise a fee simple estate, it does convey such estate by virtue of the provisions of Section 19-232, *supra,* and that the subsequent provisions in Item 3 cannot be given the effect of cutting down the fee simple estate so previously devised. This court has not so applied the statute; but has held that the will must be read as a whole and, where the qualifying provisions clearly show that the testator intended a lesser estate, the latter will be given effect. This was the result reached in the *Shevlin* and *Wates* cases, *supra.* These cases involved wills where the first devise created a fee simple estate solely by virtue of the application of Section 19-232. It was held that the subsequent provisions of the will showed a clear intent to limit the estate previously given, and the wills were so construed.

While the language used in Item 2 of the present will passes a fee simple estate by virtue of the statute, the provisions of Item 3, which follow, are clear and unequivocal and show the intent of the testator to devise the remainder, at the death of the survivor, to the beneficiaries named. We find no language in the will nor any principle of construction which would keep the intent of the testator from being given effect.

We therefore hold that the will passed a life estate to the survivor with remainder to the beneficiaries designated in Item 3.

Reversed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.