### 19253

Benjamin E. JOHNSON, Administrator C. T. A. of the Estate of E. P. Waldrop, Plaintiff-Respondent, v. Leona J. WALDROP et al., Defendants, Of whom Donald D. Waldrop, Charles Waldrop and Mamie Waldrop Waldrep are, Defendants-Appellants.

(182 S. E. (2d) 730)

*Robert L. Waldrep, Jr., Esq.,* of Anderson, and *Messrs. McDonald Cox & Turner,* of Greenville, *for Appellants,*

*Messrs. Love, Thornton, Arnold & Thomason, By, B. O. Thomason, Jr. and Donald R. McAlister,* of Greenville, *for Respondent,*

July 15, 1971.

LITTLEJOHN, Justice.

This declaratory judgment action was brought by the administrator C. T. A. of the Estate of the late E. P. Waldrop, seeking a construction of his Last Will and Testament.

The sole question presented to this court on appeal is whether his Will conveyed a fee simple interest to his wife. The Will reads as follows:

"July 31, 1945

"This is my last will. I give and bequeath and devise to my wife, Leona J. Waldrop, in complete perfect ownership, all my rights and property of every nature, whether real, personal or mixed, wherever situated, appointing her executrix without bond. Upon the death of my wife it is to be divided equally between my sister Mrs. Mamie Waldrop Waldrep and my brother Ernest L. Waldrop."

The issues were tried before the Master in Equity for Greenville County.

The Master issued his report finding that the testator intended that his widow, Mrs. Leona J. Waldrop, have a life estate coupled with power to dispose and consume for her maintenance, welfare, and upkeep. The Master also found that the intent of the testator was to leave the remainder to the two named beneficiaries, his brother and sister.

The plaintiff argued exceptions to the Master's report, directed primarily toward the finding of the Master that it was the intention of the testator to vest in his widow a life estate coupled with power to dispose and consume. The County Judge issued his order rejecting the recommendations of the Master and finding that it was the intention of the testator to vest in the widow, Mrs. Leona Waldrop, a fee simple interest in his estate. This appeal followed.

In determining whether the testator intended to leave a fee simple interest to his wife we are guided by the following:

"It is elementary that the cardinal rule of construction is to ascertain and effectuate the intention of the testator unless same contravenes some well-settled rule of law or public policy." *Peoples National Bank of Greenville v. Harrison et al.,* 198 S. C. 457, 18 S. E. (2d) 1 (1941).

"In the construction of a will all of the provisions are to be considered and given effect so far as possible, and the true intent gathered from the four corners of the instrument." *Rogers v. Rogers,* 221 S. C. 360, 70 S. E. (2d) 637 (1952) quoting *Smith v. Bell,* 6 Pet. 68, 8 L. Ed. 322 (1832).

An analysis of the provisions of the Will compels us to find, as did the Master, that E. P. Waldrop intended to convey to his wife a life estate, with complete power to dispose and consume, and to convey the remainder to his brother and sister. The testator used two sentences to dispose of his property. If the second sentence naming his brother and sister had not been added there could be no debate; we must determine what effect the second sentence had on the disposition of his estate. We cannot justify a conclusion that the second sentence is meaningless. The County Judge held that the wording was meant only to provide for the brother and sister in the event the testator's wife predeceased him. We disagree with that conclusion, and hold that all parts of his Will can be given effect.

In *Schroder v. Antipas,* 215 S. C. 552, 56 S. E. (2d) 354 (1949) we held that the testator had devised a fee simple interest to his wife in the first sentence, and that the devise was not cut down by added words in later clauses. We held that the words which attempted to cut down the estate granted in the first sentence were of doubtful import. The lower court relied upon this case as a basis for its ruling. We think that the controlling distinction between

Schroder and the case before us is that here the added provision is not of doubtful import. The intent of the testator is clear and unmistakable. The added sentence raises an irresistible inference that the testator intended for this brother and sister to have all of the estate which his widow did not dispose of or consume. In *Schroder* we quoted with approval the following wording from *Walker v. Alverson,* 87 S. C. 55, 68 S. E. 966 (1910), showing when super-added words could qualify or limit the estate granted in an earlier clause:

"To have that effect, the subsequent words should be at least as clear in expressing that intention as the words in which the interest is given."

That *criteria* was not met in *Schroder* but is clearly met in the case before us. The intent to limit the devise is manifested clearly and unmistakably.

Accordingly, the decision of the lower court is

Reversed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.