599 S.E.2d 620

James McGIRT, as Personal Representative of
the Estate of Bessie P. Haile, Appellant,

v.

Richard H. NELSON, Ivan Nelson, Anthony L. Nelson
and Don H. Nelson, II, Respondents.

No. 3844.

Court of Appeals of South Carolina.

Heard March 10, 2004.

Decided July 12, 2004.

308

W. Steven Johnson and William M. Reynolds, III, both of Columbia, for Appellant.

Arthur C. McFarland, of Charleston; Veronica G. Small, of North Charleston; for Respondents.

PER CURIAM:

In this action, James McGirt, as personal representative of the Estate of Bessie P. Haile ("the Estate"), appeals the order of the circuit court construing the last will and testament of Richard H. Haile, Jr. We affirm.

## FACTS

The Estate brought an action in probate court for a declaratory judgment construing the terms of Richard's last will and testament, particularly regarding the proper ownership of Richard's business upon the death of his wife, Bessie. After the case was removed from the probate court to the circuit court, the parties submitted the matter for adjudication on briefs and joined together in submitting a stipulation of facts. Those relevant to the determination of this case are as follows:

1. Richard executed his last will and testament on May 27, 1971.

2. Richard died testate on December 25, 1976.

3. Richard was survived by his wife of 40+ years, Bessie, and his daughter, Sylvia L. Haile (Sylvia H. Nelson at the time of Richard's death).

4. Sylvia died testate on September 24, 1996.

5. The last will and testament of Sylvia devised her estate to her sons, Richard, Ivan, Anthony, and Don Nelson (collectively, "Respondents").

6. Bessie died testate on May 26, 2001.

7. The last will and testament of Bessie makes each Respondent a $1,000 bequest and devises the rest and residue of her estate to Ralph Haile, the un-adopted child of her and Richard.

8. At the time of Richard's death, he owned an unincorporated business known as Haile's Funeral Home ("the business"), which provided funeral services to the public of Kershaw County.

This case hinges on the construction of Richard's last will and testament. The provisions of this document relevant to the determination of this case are as follows:

Item II: I will, devise and bequeath my business to my wife, [Bessie], and my daughter, [Sylvia], to share and share alike.

Item III: It is my desire that Haile's Funeral Home be maintained and operated under the name of Haile's Funeral Home.

Item IV: In the event my wife, [Bessie], or my daughter, [Sylvia], should predecease the other in death, then the survivor shall inherit the whole.

Item V: I so direct that my wife, [Bessie], during her life, is vested with full discretion in the operation, control and style of [the business] and I so direct that my said wife, [Bessie], shall file a written accounting, at the beginning of each fiscal year, indicating the profit and expenses of the business and at that time pay to my daughter, [Sylvia], her proportionate share in accord with her pro rata interest in the business.

Item IX: All the rest and remainder of my estate, both real and personal, of whatever kind or nature and wheresoever situated, I will, devise and bequeath unto my beloved wife [Bessie], and my beloved daughter, [Sylvia], to share and share alike.

Respondents claim they own a one-half interest in the business by way of their mother's will. The Estate claims sole ownership of the business by virtue of Item IV of the will and the death of Sylvia before Bessie. The circuit court found Richard Haile's will vested a one-half interest in the funeral home business to each Bessie and Sylvia. The court further found that Sylvia's interest in the business was properly transferred to Respondents. The Estate now appeals.

## STANDARD OF REVIEW

This appeal involves stipulated and undisputed facts; therefore this court is free to review whether the trial court properly applied the law to those facts. *WDW Props. v. City of Sumter*, 342 S.C. 6, 10, 535 S.E.2d 631, 632 (2000). We are under no obligation in this case to defer to the trial court's legal conclusions. *See J.K.Constr., Inc. v. W. Carolina Reg'l Sewer Auth.*, 336 S.C. 162, 166, 519 S.E.2d 561, 563 (1999).

## LAW/ANALYSIS

■ The Estate contends the lower court erred in construing Richard's Will, particularly the survivorship language in Item IV. We disagree.

■ It is the cardinal rule of will construction that the testator's intent should be ascertained and followed unless it violates some well-established rule of law. *See People's Nat'l Bank of Greenville v. Harrison*, 198 S.C. 457, 461, 18 S.E.2d 1, 3 (1941); *Wates v. Fairfield Forest Prods. Co.*, 210 S.C. 319, 322, 42 S.E.2d 529, 530 (1947). In ascertaining the testator's intent, effect must be given to every part of the will. If possible by any reasonable interpretation, "all clauses must be harmonized with each other and with the will as a whole." *Shevlin v. Colony Lutheran Church*, 227 S.C. 598, 603, 88 S.E.2d 674, 677 (1955).

In Richard's will, the business was devised upon his death to Sylvia and Bessie to "share and share alike." When read alone, this is an unambiguous and absolute grant of half of the business to each. The Estate contends, however, that the language in Item IV cut down this absolute grant to either a joint tenancy with right of survivorship, a life estate with cross remainder, or a fee simple subject to shifting executory interest.[1]

■ While the language in Item IV contemplates the possibility of either Bessie or Sylvia predeceasing the other, we do not believe Richard intended this language to cut down the devise of Item II into something less than an absolute grant. "[W]here an estate or interest is given in words of clear and ascertained legal signification, it shall not be enlarged, cut down, or destroyed by superadded words in the same or subsequent clauses, unless they raise an irresistible inference that such was the intention." *Schroder v. Antipas, et al.*, 215 S.C. 552, 556, 56 S.E.2d 354, 355 (1949) (quoting *Adams, et al. v. Verner*, 102 S.C. 7, 11, 86 S.E. 211, 212 (1915)).

---

1. Our analysis is limited to the general issue of whether the testator intended any of these to apply. Since any one of these interests would grant the Estate present sole ownership of the business, we need not decide which might be the most applicable. *See Davis v. Davis*, 223 S.C. 182, 192, 75 S.E.2d 46, 50 (1953).

■■ "[A]n estate devised in fee cannot by subsequent language be stripped of its legal incidents, and where it appears that the controlling intention is to give an absolute estate, subsequent language inconsistent therewith must be held ineffective." *Rogers v. Rogers*, 221 S.C. 360, 368–369, 70 S.E.2d 637, 641 (1952). In some circumstances, an absolute grant may be cut down by subsequent language in a will. However, this subsequent language must be "at least as clear in expressing that intention as the words in which the interest is given." *Johnson v. Waldrop*, 256 S.C. 372, 376, 182 S.E.2d 730, 731 (1971) (quoting *Walker v. Alverson*, 87 S.C. 55, 68 S.E. 966 (1910)). Words of doubtful import following a gift made in clear and unequivocal terms cannot cut down or qualify that gift. *See Johnson*, 256 S.C. at 376, 182 S.E.2d at 731; *Wates v. Fairfield Forest Prods. Co.*, 210 S.C. 319, 322, 42 S.E.2d 529, 530 (1947).

In reviewing Item IV, it appears Richard intended either Bessie or Sylvia to take the business as a sole owner should one predecease the other before his death. However, considering the absolute grant of Item II, this intent becomes less clear upon the death of Bessie or Sylvia after Richard's death. In this circumstance, the language of Item IV constitutes, at the very least, words of doubtful import less clear than the original grant.

The Estate contends that the facts and outcome of *Johnson* are analogous to this case. We find this reliance misguided. The will in *Johnson* devised all of testator's property to his wife, but later stated that "upon the death of [his] wife" all remaining property would be divided between his sister and brother. 256 S.C. at 374, 182 S.E.2d at 730. The controlling distinction between *Johnson* and the case before this court is that in *Johnson* the added provision was not of doubtful import. The subsequent language in that case clearly contemplates the ultimate divestment of the testator's property upon the future date of his wife's death, not the date of his own. Item IV of Richard's will, however, contains no similar reflection of testator intent.

■ The issue before this court is one of timing. We must decide, considering the will as a whole, at what point Richard intended the absolute grant of Item II to vest permanently

with his wife and daughter. Words concerning the intended time of vesting for a testamentary devise usually refer to one of three dates: (1) the date of the will, (2) the date of testator's death, or (3) the date of the death of a life tenant. *See Matter of Will of Hall,* 318 S.C. 188, 193, 456 S.E.2d 439, 442 (Ct.App.1995). As further reflected in Item V, it was Richard's intent that the devise of Item II was to take full possessory effect on the date of his death. It is well established in South Carolina that whenever a devise "takes effect in possession immediately on testator's death, words of survivor-ship [sic] refer to the date of testator's death and are intended to provide for the contingency of the death of the objects of his bounty in his lifetime; unless some other point of time be indicated by the will." *Peecksen et al. v. Peecksen et al.,* 211 S.C. 543, 549, 34 S.E.2d 787, 790 (1945).

Although Haile's will contains words of survivorship, it did not clearly indicate the point in time when the words of survivorship would take effect. As a result, the rule espoused in *Peecksen* requires construing the words of survivorship to refer to the date of the testator's death and are only applicable in the event of an heir predeceasing the testator. In *Johnson,* the point of time was clearly indicated by the will; here it was not. Moreover, this absence of point in time clarity renders the language in Item IV to be of doubtful import, thus not effective in cutting down the absolute grant of Item II.

Accordingly, we find that Richard only intended the survivor of Bessie and Sylvia to inherit the whole business if one should predecease the other before his own death. Since this did not occur, Sylvia inherited an absolute one-half interest in the business, which she transferred to Respondents through her will.

For the foregoing reasons, the circuit court's order is

**AFFIRMED.**

HEARN, C.J., ANDERSON and BEATTY, JJ., concur.