**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Popie Lown Roberts, Respondent,

v.

The Health Science Foundation of The Medical
University of South Carolina and The Franke Home, Inc.,
d/b/a The Franke Home at Seaside, Appellants.

Appellate Case No. 2014-001085

———————————

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-191
Heard January 13, 2016 – Filed May 4, 2016

———————————

**AFFIRMED**

———————————

Robert M. Kunes, Andrew W. Chandler, and David
Hudson Kunes, all of Evans Carter Kunes & Bennett,
PA, of Charleston, for Appellants.

Michael R. Daniel, of Elloree, and James B. Richardson,
Jr., of Columbia, for Respondent.

———————————

**PER CURIAM:** The Health Sciences Foundation of The Medical University of South Carolina and The Franke Home, Inc., d/b/a/ The Franke Home at Seaside (collectively "Appellants") appeal an order rejecting their proposed construction of a last will and testament that named each of them and Respondent Popie Lown Roberts as legatees of the decedent's residuary estate. We affirm.

Under the second and third articles of the will, the decedent bequeathed Roberts her tangible personal property, which was appraised at $88,683.34, and one million dollars. The controversy in this appeal concerns the fourth article of the will. Under this article, Roberts and Appellants would each receive one third of the residue of the estate; however, according to paragraph (a) of this article, the one-third share bequeathed to Roberts was to be "less, however, the sum of One Million . . . Dollars, paid to her, or her issue, under the preceding bequest." Whereas Roberts maintains the decedent bequeathed her one million dollars and directed that she share equally with Appellants in the residuary estate, Appellants maintain (1) the effect of the above-quoted language was to render the one million dollars referenced in the fourth article a failed devise; or (2) in the alternative, the will should be construed in such a manner that Roberts and Appellants would each receive a one-third share of the entire estate. Both the probate court and the circuit court agreed with Roberts that there was no failed devise and that Roberts was entitled to receive, in addition to the bequests under the second and third articles, a one-third share of the entire residuary estate. We agree.

1. We reject Appellants' contention that the one million dollars referenced in paragraph (a) is a failed devise. In 2011, the year the decedent died, the relevant statute provided that "if the residue is devised to two or more persons and the share of one of the residuary devisees fails for any reason, his share passes to . . . other residuary devisees in proportion to their interests in the residue." S.C. Code Ann. § 62-2-604(b) (2009).[1] "The pro-residuary anti-failure rule of [s]ection 62-2-604 applies to a *failed devise* unless the decedent's will provides otherwise . . . ." Reporter's Comment to S.C. Code Ann. § 62-2-604 (2009 & Supp. 2015) (emphasis added). Possible reasons for a failed devise include "the indefiniteness of the devise, illegality, a violation of any Rule Against Perpetuities, incapacity of the devisee, or failure of the devisee to survive to take the devise . . . . ." Reporter's Comment to S.C. Code Ann. § 62-2-604 (Supp. 2015). Here, the devise at issue is

---

[1] The wording of the statute changed after the decedent died, but the change does not affect this appeal.

the provision naming Roberts as one of the legatees of the decedent's residuary estate.  As the circuit court found, Roberts is clearly entitled to some share of the residue and the only question is the amount of her share.  Although the value of Roberts's share may be uncertain, there is no evidence that Roberts is ineligible or unable to collect it; therefore, there is no failed devise.

2.      Appellants further contend the circuit court and the probate court erred in applying the probate code and related case law in holding Roberts was entitled to one-third of the entire residuary estate in addition to the bequests she received under the second and third articles of the will.  Appellants argue the logical inferences from the will, when read as a whole, include (1) that the decedent intended for Roberts to be the sole devisee if the estate was valued at one million dollars or less, but (2) if the value of the estate was more than three million dollars,[2] Roberts and Appellants would each receive an equal one-third share of the entire estate, with Roberts's share consisting of the gifts she received under the second and third articles and a portion of the residuary estate that would be less than the share received by each Appellant.  We disagree with Appellants' proposed construction.

"In construing a will, a court should give effect to the expressed intention of the testator."  *In re Estate of Hyman*, 362 S.C. 20, 25, 606 S.E.2d 205, 207 (Ct. App. 2004).  "In ascertaining this intent, a court's first reference is always to the will's language itself."  *Id.*  "In construing the language of a will, we must give words their ordinary, plain meaning unless it is clear the testator intended a different sense, or unless such meaning would lead to an inconsistency with the testator's declared intention.  *Estate of Fabian*, 326 S.C. 349, 353, 483 S.E.2d 474, 476 (Ct. App. 1997).  Gifts made in one clause of a will in clear and unequivocal terms should not be altered by words of doubtful import found in a subsequent clause.  *Schroder v. Antipas*, 215 S.C. 552, 556, 56 S.E.2d 354, 355 (1949).

In the present case, there were clear and unequivocal directions in the will for two specific gifts to Roberts that preceded the residuary clause.  In directing the disposition of her residuary estate, however, the decedent referenced only the one million dollars "paid to [Roberts] . . . under the preceding bequest" and did not mention the sizable bequest of personal property to Roberts in provided in the

---

[2] According to documents included in the record on appeal, the total net worth of the estate exceeded five million dollars.

second article of the will. Without any indication within the four corners of the will that Roberts's share of the residuary estate was to be affected by the value of the personal property that she was bequeathed, we reject Appellants' contention that the language of the will indicates the decedent intended for Appellants and Roberts to share equally in her entire estate. *See Allison v. Wilson*, 306 S.C. 274, 281, 411 S.E.2d 433, 436 (1991) ("In seeking to ascertain the intent of a testator, his intent must be ascertained from the four corners of the will.").

**AFFIRMED.**

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**