8021

WEST v. SMITH.

1. LIMITATION OF ESTATE—REMAINDERS.—A WILL vesting property in trustees to be invested and the income paid to a daughter for life, and after the death of the daughter passing the investments and proceeds to her children, the issue of those deceased taking the parent's share, passes immediately a vested remainder to the children of the daughter, which was transmissible by the death of such child during the lifetime of the daughter. The grandchildren having predeceased the daughter, one only leaving a wife, to whom the life tenant had bequeathed her property, such wife takes the whole estate. *Earle* v. *Maxwell,* 86 S. C., 1, *distinguished from this case.*

Before  WATTS,  J.,  Charleston,  November,  1910. Affirmed.

Action by Emmett T. West *et al.* against Gertrude I. Smith, in her own right and as executor, Mary Brown *et al.* Plaintiffs appeal.

*Messrs. Smythe, Lee & Frost,* for appellants, cite: *Original and substantial gifts:* 34 L. J. Ch. 65; L. R. 2 Eq. 479; 54 Me. 232; Gardner on Wills 462; Gray's Rule vs. Perpetuities, par. 108. *Contingent gifts:* 2 Black. Com.

169; 20 Ency. 840; 2 Wash. R. P. 560; Tied. on R. P., sec. 506; 20 S. C. 71; 7 Rich. Eq. 125; 9 Rich. Eq. 459; 10 S. C. 385; 43 N. Y. S. 575; 94 Me. 429; 30 Ency. 721, 778; 106 F. R. 670; 26 S. C. 470; 75 W. 26; 65 S. E. 851; 20 S. E. 296; Dud. Eq. 201; 30 S. C. 188; 69 S. C. 503; 76 N. E. 1043; 48 S. E. 633; 37 Me. 363; 51 S. E. 780; 56 S. C. 7; 62 S. W. 1033; 86 S. C. 1; 21 S. C. 513. *Vested remainders:* 87 S. C. 55. *Vested remainders subject to be divested:* 48 S. E. 633; 62 S. W. 1033; 2 Rich. Eq. 78; 4 Rich. Eq. 297; 87 S. C. 55; 128 N. Y. Supp. 230. *Contingent remainders are not transmissible:* 2 Strob. Eq. 59. *Upon default of remaindermen devise reverts:* 50 S. C. 258. *Original and substitutionary gifts distinguished:* 2 D. & S. 484; L. R. 2 Eq. 479, 442; Gray's Rule vs. Per. Par. 108; 21 S. C. 529.

*Messrs. Ficken, Hughes & Ficken,* contra, cite: *The remainder here is vested:* 35 S. C. 59; Code 1902, sec. 2483; 3 Strob. Eq. 223; 4 Rich. Eq. 297. *Law favors vested remainders:* 5 Wall. 268; 2 S. C. 78; 50 S. C. 208; 20 S. C. 75; 30 S. C. 184. *Vested remainders defined:* 3 Rep. 19; 2 Black. Com. 168; 4 Kent 203; 2 Sand. Ch. 533; 5 Paige 466; 2 Wash. R. P. 587, 1541; 4 Rich. Eq. 297; 1 Strob. Eq. 44; 2 Hill Ch. 431; 10 S. C. 387; 26 S. C. 451; 50 S. C. 208; 87 S. C. 64. *A vested interest is transmissible:* 12 Rich. 122; Rice Eq. 330; 26 S. C. 471; 78 S. C. 115. *Effect of "and to the issue of any deceased child:"* 44 S. C., 512. *Life tenant may inherit in his lifetime interest of remainderman:* 27 S. C. 215. *Similar devises construed:* 1 Hill Ch. 358; Dud. Eq. 201; 3 Rich. Eq. 559; 15 S. C. 430; 16 S. C. 221; 17 S. C. 53; 21 S. C. 513; 44 S. C. 511; 66 S. C. 155; 56 S. C. 7; 69 S. C. 285; 72 S. C. 181, 115; 87 S. C. 55.

October 25, 1911.   The opinion of the Court was delivered by

Mr. Justice Woods. In this action the plaintiffs as heirs at law of John Magee seek to recover of the defendant Gertrude I. Smith all the property which passed under the following clause of John Magee's will: "I bequeath the remainder of my said estate to my friends, the said Thomas O'Brien and John Doughtery, to them and their heirs in trust to be invested in safe personal property and real estate, either or both, and the interest or income arising from the same shall be paid over to my daughter Mary Brown, the wife of the said Isaac Brown, her receipts alone to be taken by the said trustees as discharges in full for these payments, for and during her natural life, free from the control and in no manner whatsoever liable for the debts or contracts of her present or any future husband with whom she may intermarry. And upon her death the said investment or investments or the proceeds thereof shall pass to the said Mary Brown's child or children, and to the issue of any deceased child or children, the child or children of such deceased child or children representing and taking the share or shares to which his, her or their deceased parent or parents would have been entitled had they survived the said Mary Brown, to them and their heirs severally, forever."

The facts as stated by the master are not disputed. John Magee died in 1856. Mary Brown, his daughter the life tenant mentioned in the residuary clause, had four children —three daughters and one son. The three daughters predeceased their mother and their brother, dying intestate, unmarried and without issue. The son Charles A. Brown married and died intestate and without issue on October 16, 1904, leaving as his heirs and distributees his widow Gertrude I. Brown, and his mother the life tenant Mary Brown. Mary Brown died in 1907 leaving a will in which she devised and bequeathed all her property to her daughter-in-law Gertrude I. Brown, and appointed her executrix of the will. Gertrude I. Brown afterwards intermarried with one Smith

and in this action appears as the defendant Gertrude I. Smith.

The plaintiff's claim depends on the proposition that the children of Mary Brown took under the will nothing more than a contingent remainder, and when they all died during the life of their mother without issue, the property reverted to or became vested in the plaintiffs as heirs of John Magee.

The defendants' position is that the devise created a vested remainder in the children of Mary Brown who took the property as soon as the will became operative, the title thus taken being subject only to defeasance by death with a child or children surviving, in which event the child or children would have taken; that upon the death of the three daughters without children their shares were inherited by their mother Mary Brown and their brother Charles A. Brown, and upon the death of Charles A. Brown without children his interest, derived directly under the will and inherited from his sisters, passed by inheritance to the defendant his widow and Mary Brown his mother; that when Mary Brown devised all her interest to the defendant her title became complete.

The master to whom the case was referred reported in favor of the defendant, and his report was confirmed by the Circuit Court. It is important to observe that the devise in remainder is not to the child or children of Mary Brown who may survive her, but to her child or children generally; for upon this distinction many of the cases cited by counsel depend. The subject has been so often and so fully considered by the Court that it requires no extended discussion at our hands. In considering a devise of the same kind Chief Justice McIver thus states the rule now recognized in this State. "The authorities in this State appear to be somewhat conflicting, but it seems to us that the more recent cases support the view that the remainders vested in such of the issue as were *in esse* at the date of the deed, at that time, opening to let in other issue as they came into existence,

whose interests were also vested at their birth, and that such vested interest were not divested by the death of any such issue, leaving no issue in the lifetime of the life tenant, and hence that the Circuit Judge erred in excluding the representatives of Robert L. Deas and Zephania from any participation in the division of the property. * * * It will be observed that the remainder is to the issue of Eliza C. Deas, *not* to her *surviving* issue, or to her issue *then living,* which would have been the words that most naturally would have been used, if the intention had been to confine the gift to such issue only as might be *in esse* at the death of the life tenant; but, on the contrary, as we have said, the remainder is to the issue generally in such terms as import a fee simple, which was to vest *in possession* at the time of the death of the life tenant; and hence, as was said in *Rutledge* v. *Rutledge, supra,* 'necessarily all falling within the description of issue up to that time are entitled to an equal participation in the estate.' " *Gourdin* v. *Deas,* 27 S. C., 749, 4 S. E., 64.

On this point there is no way of distinguishing the remainder in the Magee will from those considered in *Boykin* v. *Boykin,* 21 S. C., 513, and *Brown v. McCall,* 44 S. C., 503, 22 S. E., 820. In these cases it was held that the children who had died without issue during the life of the life tenant had taken a vested remainder transmissible to their grantees or heirs. This conclusion is in accord with the general rules stated in the recent case of *Walker* v. *Alverson,* 87 S. C. 55, though the precise point now under consideration was not involved in that case. Reliance is placed on *Earle* v. *Maxwell,* 86 S. C. 1, 67 S. E. 962, as an authority to the contrary, where a devise somewhat similar to this, but with important differences, was treated as a contingent remainder. But the appeal in that case did not involve the point, and the case is not an authority and has not the force even of a dictum on this subject. The Circuit Judge there held that Maxwell the bankrupt had only a contingent remainder, and that that remainder was property within the

meaning of the bankrupt law and therefore subject to sale as a part of the bankrupt estate. There was no appeal from his decision as to the nature of Maxwell's interest, and therefore the construction of the will under which he took was not before this Court. Indeed, counsel conceded that the remainder was contingent. The only points decided by this Court were that the remainder, necessarily treated as contingent because so finally adjudged by the Circuit Court, was subject to sale as a part of the property of the bankrupt, and that the Circuit Court was right in entertaining a suit instituted by the trustee before the sale to remove as a cloud on the right of the trustee to the interest of Maxwell, the latter's claim that such interest did not pass to the trustee and was not the subject of sale.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.