15670

ALBERGOTTI *ET AL.* v. SUMMERS *ET AL.*
(31 S. E. (2d), 129)
(See: 203 S. C., 137, 26 S. E. (2d), 395)

*Messrs. Zeigler & Brailsford* and *Mr. E. E. Summers*, all of Orangeburg, S. C., Counsel for Appellants,

*Mr. Adam H. Moss* and *Mr. P. F. Haigler,* both of Orangeburg, S. C., Counsel for Respondents,

August 2, 1944.

MR. ASSOCIATE JUSTICE OXNER delivered the unanimous Opinion of the Court:

The plaintiffs own and hold a judgment against S. Dibble Moss and seek in this action to subject the interest acquired by him under the will of his mother, Frances Agnes Moss, to the payment of said judgment. The construction of this will is now before this Court for the second time. Certain paragraphs of the will are reported in the previous decision of this Court (203 S. C., 137, 26 S. E. (2d), 395, 397) and, with the exception of paragraph eight, need not be again quoted. Briefly stated, after certain bequests and devises, the residue of the real estate belonging to the testatrix was devised to certain named trustees "to hold and collect the rents and income therefrom for a period of twenty-one years" after the death of testatrix; and after paying the taxes, insurance and upkeep, the trustees were directed to pay a certain fraction of the net proceeds to S. Dibble Moss "for the support of himself and his family." It was further provided that if Dibble Moss died during this twenty-one-year period, his share of said income should be paid to his children.

Upon the expiration of this trust period, the residue was disposed of as follows:

"Eighth: After the expiration of twenty-one years I direct my trustees hereinafter named to divide all of my

real estate in as nearly equal portions as possible between my three children to go to them absolutely or to any child or children that they may leave surviving per capita. Should either of my children die without any child or children surviving them his or her share to go to my other children, share and share alike."

On the first appeal, this Court held that the will established a spendthrift trust for the support of S. Dibble Moss and his family and that the income of the trust, either while in the hands of the trustees or after being paid over to him for the support of himself and his family, was not subject to claims of his judgment creditors. The Court said: "The interest of S. Dibble Moss is an equitable life estate; he is without title or right to the possession of the property itself; the legal title is vested in the trustees named by Mrs. Moss in her will." It appeared in that appeal that the lower Court had not determined what estate, if any, S. Dibble Moss acquired after the expiration of the trust period and the case was remainded to the lower Court for the purpose of determining whether he acquired any interest which would be subject to the claim of the judgment held by the plaintiffs.

This issue was thereafter tried and the lower Court held that S. Dibble Moss took a vested remainder in the residue of the real estate which was subject to levy and sale under the plaintiffs' judgment. The case is now before us on appeal by him and the trustees and the sole question for determination is whether S. Dibble Moss acquired any interest in the residue of the real estate which is subject to levy and sale under this judgment.

The cardinal rule in the construction of wills is to ascertain and give effect to the intention of the testator as expressed in the words he has used. The Court should so read the testator's language as to effectuate his purpose, if the canons of construction and interpretation

permit. Rules of construction are designed to aid in determining the intention of the testator as expressed in the will, but when that intention has been clearly expressed and does no violence to establish rules of law, arbitrary and technical rules of construction should not be permitted to defeat it. In construing a clause in a will the Court should consider its relation to other portions of the will in order to ascertain and give effect to the testator's real intention. *Roundtree v. Roundtree,* 26 S. C., 450, 2 S. E., 474; *Peoples National Bank v. Harrison,* 198 S. C., 457, 18 S. E. (2d), 1, and *Lemmon v. Wilson,* S. C., 204 S. C., 50, 28 S. E. (2d), 792.

With the foregoing principles in mind, we undertake to ascertain the intention of the testatrix. In doing so, we are materially assisted by the construction of a portion of this will heretofore made by this Court on the first appeal. It has been definitely held that this will creates a spendthrift trust in favor of S. Dibble Moss and his family. We may assume, therefore, that for reasons which the testatrix deemed satisfactory, she did not intend to make an outright gift of the rents and profits to her son during the period of twenty-one years covered by this trust. Her primary purpose was to assure him and his family adequate support. To accomplish this purpose and safeguard against any improvidence on his part, the spendthrift trust was established. The title to this real estate was vested in the trustees. In paragraph nine these trustees were empowered to "hold, manage and control" said property, and they were further empowered to sell any of the real estate and reinvest the proceeds in other real estate, or in bonds or other securities.

Realizing the possibility of a contingency when the income provided for the children and grandchildren in other portions of the will might be insufficient to adequately provide for their support, maintenance and education, the testatrix provided for such contingency in paragraph ten wherein she empowered her trustees "to use any part of the principal of my estate for the benefit of my said children or grand-

children and that such advances be charged to their share or their parent's share, respectively, of my estate, and deducted therefrom when same is finally divided and distributed at the expiration of the time herein provided."

The primary concern of the testatrix in disposing of the residue of her estate was the welfare of her children and grandchildren during this period of twenty-one years. During this period the property devised to the trustees was to be kept intact. The testatrix was unwilling to vest title in her children or grandchildren. In passing upon his trust in the previous opinion, this Court said: "Trusts of this kind are intended to secure the trust fund against the improvidence of the *cestui que* trust by protecting it against his creditors and rendering it inalienable by him before payment."

We now consider whether the contention of the respondents that a vested estate immediately passed to this son upon the death of the testatrix harmonizes with this general scheme contained in the will. If such an estate vested, it was subject to alienation and assignment at the will of the owner and could be subjected to the payment of any judgments against him. After having so carefully protected the income and rents against such a contingency, was it the intention of the testatrix to vest the remainder immediately in this son so as to give him the right to assign and transfer it and make it subject to any judgments procured against him? If during this period the testatrix thought it inadvisable to place the rents and income at his disposal, is there manifest anywhere in this will an intention on her part to vest the corpus in remainder absolutely in him? Would not such an intention be inconsistent with the whole scheme and purpose of a spendthrift trust?

In the case of *Brown v. Postell*, 25 S. C. Eq., 71, 4 Rich. Eq., 71, there was a conveyance to a trustee for the support of a husband and wife and his children during the natural lives of the husband and wife and after their death, the deed provided that the property should be equally divided among

the children. The creditors of the wife undertook to enforce their demands out of her individual interest. The Court held that this could not be done because her interest could not be separated without breaking in upon the scheme of the trust which required that the property should be kept together until the death of the survivor of the husband and wife.

The Supreme Court of Iowa considered a somewhat similar question in *Dickerson v. Morse et al.,* 200 Iowa, 115, 202 N. W., 601, 602. The syllabus pertaining to the question under consideration is as follows: "Devise of remainder after termination of precedent estate by death or remarriage of testator's widow, in trust for son for period of years, held not to create vested remainder in son until expiration of trust period, but to vest title thereto in trustee so that son could not make valid conveyance of his interest until after expiration of trust period."

The Court said: "We conclude that, while the remainder was not contingent, in the sense that the son's right to take was uncertain or might be defeated, yet it would not, under the will, vest in him until the expiration of the trust period; until that time the estate would vest in the trustees to be appointed by the court in pursuance of the direction in the will. * * * The son could not by his conveyance nullify the clearly expressed intent of the testator, or destroy the trust."

Also, see *Damhoff v. Shambaugh et al.,* 200 Iowa, 1155, 206 N. W., 248; *Bristow v. McCall,* 16 S. C., 545.

There are other indicia which we think evince an intention on the part of the testatrix to postpone the vesting of the remainder until the expiration of the period of the trust. In paragraph eight the trustees are directed to divide the property between the three children of the testatrix "to go to them absolutely *or* to any child or children that they may leave surviving per capita." (Emphasis ours.) It is apparent that the will was drawn by a skilled draftsman. It is further clear that the testatrix was

very solicitous of the welfare of her grandchildren. The trustees are empowered to invade the principal in order to provide for the support and education of the children or grandchildren. The enjoyment of the remainder of the estate was not postponed merely for the convenience of the estate, as to allow the intervention of a life estate or an estate for a term of years in another. The postponement was for reasons personal to the devisees. Under these circumstances, we think the use of the word "or" is significant and tends to imply a substitutionary or alternative provision, so as to postpone the absolute vesting of the remainder until the termination of the trust period. Restatement of the Law— American Law Institute—Property, Section 252; *Schaeffer's Adm'r v. Schaeffer's Adm'r,* 54 W. Va., 681, 46 S. E., 150; *Heyward v. Heyward's Ex'rs,* 28 S. C. Eq., 289, 7 Rich. Eq., 289; and *Wyman v. Kinney,* 111 Vt., 94, 10 A. (2d), 191, 128 A. L. R., 298. Also see annotation in 128 A. L. R., 306. It should not be inferred from what we have said that the word "or" can be given an inflexible meaning when used in a will. This is clear from the A. L. R. annotation just referred to. Illustrative of this in our own decisions is the case of *Wood v. Wood et al.,* 132 S. C., 120, 128 S. E., 837, where it was held that in a will "or" may be construed as "and" if necessary to effectuate the intention of the testator. On the other hand, in *Heyward v. Heyward Ex'rs, supra,* it was held that the context of the will required the construction that "or" was used in the disjunctive and created an alternative right. Considering this will as a whole, we think the testatrix intended to use "or" in its usual disjunctive sense of substitution. We think it unreasonable to suppose that the testatrix intended during the trust period to give this son the power of alienation of this remainder or render such remainder subject to the claims of his creditors and thereby at the end of the trust period permit the distribution of this share to a stranger, rather than to him or his children (her grandchildren).

Either of the above circumstances, taken singly, may or may not be sufficient to show that it was the intention of the testatrix that those who are to take are to be determined at the time of distribution, but considered together we think they point unerringly to this conclusion. If all of these circumstances are excluded, the language used would ordinarily tend to create a vested remainder. *Boykin v. Boykin,* 21 S. C., 513; *West v. Smith,* 89 S. C., 540, 72 S. E., 395; *Wannamaker et al. v. South Carolina State Bank et al.* 176 S. C., 133, 179 S. E., 896. But they cannot be excluded in undertaking to arrive at the intention of the testatrix. As this testatrix had the undoubted right, within legal limitations, to fix the time of vesting of any estate created by her, the question of whether or not the estate is vested or contingent depends upon the intention of the testatrix as gathered from the entire will.

We think the futurity in this case is annexed to the substance of the gift, and that it was the intention of the testatrix to postpone the vesting of the estate until the expiration of the trust period. This being true, the remainder to S. Dibble Moss must be construed as contingent.

In reaching the foregoing conclusion, we have not been unmindful of the rule that the law favors the vesting of estates at the earliest time possible and wherever there is doubt as to whether a remainder is vested or contingent, the Court will construe it as vested rather than contingent, *Walker v. Alverson,* 87 S. C., 55, 68 S. E., 966, 30 L. R. A. (N. S.), 115; *Wannamaker v. South Carolina State Bank, supra;* and the general rule that an estate or interest, otherwise vested, is not rendered contingent because the amount of property the beneficiary will receive remains uncertain until a future time. But these rules and presumptions are subordinate to the paramount rule of giving effect to the intention of the testator, as otherwise the

Court instead of the testator would make the will. *Faber v. Police,* 10 S. C., 376.

It follows that the interest of S. Dibble Moss under paragraph eight of the will of his mother cannot now be subjected to the payment of the judgment held by respondents.

The exception of appellants is sustained and the judgment of the lower Court is reversed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUS-TICES FISHBURNE, STUKES and TAYLOR concur.