253 S.C. 556 (1970)
172 S.E.2d 114
W. Loring LEE, Jr., Agent for the heirs of the Estate of Annie R. Smyth, Respondent,
v.
The CITIZENS & SOUTHERN NATIONAL BANK of S.C. as Trustee under Agreement dated July 1, 1969, Appellant.
19009
Supreme Court of South Carolina.
January 29, 1970.
*557 Messrs. Bryant & Fanning, of Orangeburg, for Appellant.
Messrs. Lee & Moise, of Sumter, for Respondent.
*558 January 29, 1970.
Per Curiam.
This action is one for specific performance of a contract to sell land and involves the construction of a will. The defendant has appealed from an adverse ruling. We are convinced that the order of the trial judge properly sets forth the issues and correctly disposes of the same. That order will be reported as the opinion and directive of this court, and accordingly, the lower court is
Affirmed.

ORDER OF JUDGE McFADDIN
This is an action by the plaintiff against the defendant for specific performance of a Contract to purchase realty. The matter was heard by me at Chambers by agreement of counsel under stipulated facts.
Briefly, the facts are as follows:
W. Loring Lee, Jr., under the authority of a Power of Attorney executed by the purported owners of a tract of land, entered into a Contract with the defendant, The Citizens & Southern National Bank of South Carolina, as Trustee, whereby he agreed to sell and convey unto said Bank a tract of land in Clarendon County, containing some 3400 acres, known as Cedar Grove Plantation.
Pursuant to the terms of the Contract, the Plaintiff tendered a deed to the defendant, who refused to accept same upon the allegation that the plaintiff could not convey a good title to the land.
The trouble arises over the construction of the Will of Robert A. Smyth, who at the time of his death, owned an interest in Cedar Grove Plantation.
*559 Item XVII of the Will of Robert A. Smyth is as follows:
"I give, bequeath and devise to my nephew, W. Loring Lee, Jr., of Sumter, South Carolina, for life, all of my right, title and interest in Cedar Grove Plantation, near St. Paul, Clarendon County, South Carolina; along with all of my right, title and interest in the land with improvements thereon at St. Paul, South Carolina, the same consisting of a store and filling station now occupied by the Texas Company; and my two-thirds (2/3) interest in the telephone line from St. Paul, South Carolina, to Summerton, South Carolina; with the remainder, in fee simple, to his son and my grandnephew, Richard Smyth Lee. Should my nephew, W. Loring Lee, Jr., predecease me, then I give, bequeath and devise to his wife, my niece, Elizabeth Smyth Lee, the said property for her lifetime, with the remainder to Richard Smyth Lee. Should Richard Smyth Lee predecease me and both of his parents, then the remainder interest in the properties above described shall go, in fee simple, to his brother, W. Loring Lee, III."
It has been stipulated that at the death of the testator, and now, all of the parties named in the foregoing Item are alive, sui juris, and over twenty-one years of age.
Plaintiff contends that under the above quoted provision W. Loring Lee, Jr., has a life estate in the premises and Richard Smyth Lee has a vested remainder, in fee simple. The defendant contends that Richard Smyth Lee has a contingent remainder which cannot be conveyed.
The first rule in the construction of Wills is to ascertain and give effect to the intention of the testator as expressed in the words he has used. The Court should so read the testator's language as to effectuate his purpose if the rules of construction and interpretation will permit. Rules of construction are designed to aid in determining the intention of the testator as expressed in the Will, but, when that intention has been clearly expressed and does no violence to established rules of law, arbitrary and technical *560 rules of construction should not be permitted to defeat it. Albergotti v. Summers, 205 S.C. 179, 31 S.E. (2d) 129.
It is unnecessary to cite authority for the rule that the law favors the vesting of estates at the earliest time possible and no remainder will be construed to be contingent which may, consistently with the intention of the testator, be deemed vested. Whenever there is a doubt as to the quantity of the estate devised or whether it is vested, the rule is to presume that the testator intended to give an absolute, rather than a qualified estate, and a vested rather than a contingent interest.
Our Supreme Court has held, in the case of Walker v. Alverson, 87 S.C. 55, 68 S.E. 966, 30 L.R.A., N.S., 115:
"When a gift is made in one clause of a will in clear and unequivocal terms, the quantity or quality of the estate given should not be cut down or qualified by words of doubtful import found in a subsequent clause."
With the foregoing principles in mind, it becomes necessary to undertake to ascertain the intention of the testator. It appears to me that testator's intention is clearly expressed in the first sentence of the Item when he says "I give, bequeath and devise to my nephew, W. Loring Lee, Jr., of Sumter, South Carolina, for life, all of my right, title and interest in Cedar Grove Plantation * * * with the remainder, in fee simple, to his son and my grandnephew, Richard Smyth Lee." The remainder of the Item simply makes provisions for the disposition of testator's interest in Cedar Grove Plantation in the event the named life tenant should predecease testator or in the event the named remainderman should do likewise. The defendant contends, however, that for Richard Smyth Lee to take, he must not only survive the testator but must also survive both of his parents and therefore the devise to him is contingent.
I cannot agree with this contention. Testator obviously intended for the fee to vest in Richard Smyth Lee as he *561 makes him the remainderman behind his father, if living, and also behind his mother if his father should have predeceased. It is only in the event Richard Smyth Lee were not alive at the death of testator that the property would go to his brother. It is my opinion that the words "should Richard Smyth Lee predecease me and both of his parents" have the opposite meaning than that contended by the defendant. The word "and" is to be construed literally and when Richard survived the testator it then became impossible for him to predecease "me and both of his parents", and the estate thereby vested in him, in remainder, in fee simple. The testator could not have intended that the remainderman survive all three because such an intention would be illogical.
The quoted Item XVII contains three sentences. The first is a devise to W. Loring Lee, Jr., for life and, at his death, to his son, Richard, in fee simple. The second sentence says, should the life tenant predecease the testator, then his wife, Elizabeth would take the life estate with the remainder to her son, Richard. The third sentence says, should Richard predecease the testator, then his brother, Loring, would take the remainder.
Upon the death of testator, W. Loring Lee, Jr., and Richard Smyth Lee were both alive and the devise in the first sentence was complete. The remaining two sentences are now surplusage. The devise to Elizabeth can never happen since her husband did not predecease the testator. In order for W. Loring Lee, III, to have taken any interest, his brother, Richard, would have had to predecease the testator. Since neither Elizabeth nor Loring, III, can take, what then is the contingency. Justice Cothran, in his concurring opinion in the case of Avinger v. Avinger, 116 S.C. 125, 107 S.E. 26, says: "to create a vested remainder the following essential elements must appear: (1) The estate in remainder must be fixed and certain in the remaindermen at the time of its creation; (2) implied in the foregoing, the *562 vesting of the remainder must not depend upon the performance or happening of a condition precedent; (3) the person to take in remainder must be an ascertained person in being; (4) the enjoyment of the possession of the estate in remainder is simply postponed; there being no obstacle to such enjoyment except the preceding particular estate."
In my opinion, these four requirements are met in this case.
As expressed herein, it is my conclusion that when W. Loring Lee, Jr., and Richard Smyth Lee both survived the testator the devise became vested in the said W. Loring Lee, Jr., for life with the remainder, in fee simple, in Richard Smyth Lee.
It is therefore,
Ordered: That the defendant, The Citizens & Southern National Bank of South Carolina, as Trustee, specifically perform its obligations under its Contract with the plaintiff.