20843

H. A. SACK COMPANY, INC., Appellant, v. FOREST BEACH PUBLIC SERVICE DISTRICT, CA No. 77-CP-7-132 and CA No. 77-CP-7-148, respondent.

(250 S. E. (2d) 340)

*James S. Gibson, Jr.,* of *Harvey, Battey, Macloskie & Bethea,* Beaufort, *for appellant.*

*J. Fred Buzhardt, Jr.,* of *Dowling, Dowling, Sanders & Dukes,* Hilton Head Island, *for respondent.*

December 28, 1978.

NESS, Justice:

This appeal is from an order directing a verdict in two actions in favor of the respondent, Forest Beach Public Service District. We affirm.

In July 1972, prior to submitting its bid for electrical and mechanical work on a hotel at Hilton Head, the appellant, H. A. Sack Company, Inc., contacted respondent's office concerning the plumbing connection rates. The existing charge of $19,480 was quoted to appellant over the telephone. Appellant included that figure in its bid and was awarded the subcontract.

In February 1973, respondent revised its connection charge rates upward. The following July, appellant learned the February rate increase had escalated the connection charge for the Holiday Inn to $52,800.

Appellant instituted two actions against respondent, one for breach of contract and the other to challenge the reasonableness of respondent's rate increase. The two actions were consolidated for trial.

Initially, appellant asserts the trial court erred in granting respondent's motion for a directed verdict in the breach of contract action. We disagree.

Appellant seeks to convert a telephonic recitation of the existing connection rate by an unidentified representative of respondent into a *bona fide* offer. We do not believe respondent's quotation of existing charges constituted an offer. According to Corbin, the mere quotation of a price is not an offer. 1 Corbin on Contracts, § 26, p. 77 (1963). See also Calamari and Perillo, Contracts, § 20, p. 25 (1970); 17 Am. Jur. (2d), Contracts, § 33.

Even assuming there was a valid offer by respondent, there was no timely acceptance by appellant prior to respondent's revocation of the offer by its adoption of the new rate schedule. Respondent was never advised that appellant's bid had been accepted. Silence ordinarily does not constitute acceptance. Restatement (2d), Contracts, § 72, Comment A; 17 C. J. S. Contracts § 41e; *Masonic Temple, Inc. et al. v. Ebert,* 199 S. C. 5, 18 S. E. (2d) 584 (1942).

We conclude there was no contract on which to base appellant's assertion of a breach of contract. The facts here are decidedly different from those in the recent case of *City of Spartanburg v. Spartan Villa,* S. C., —— S. E. (2d) ——, Smith's 10/24/78, Op. No. 20790, where a contract was clearly established and the tap fee paid prior to the rate increase. The trial court correctly directed a verdict in respondent's favor in the first action.

Appellant next asserts the trial judge erred in granting respondent's motion for a directed verdict in the second cause of action. This is without merit.

Appellant introduced no evidence to prove the unreasonableness of respondent's rate schedule except for the increase in rates. The test of the reasonableness of rates established by a public service district is the service received. *Simons v. City Council of Charleston et al.,* 181 S. C. 353, 187 S. E. 545 (1936). Moreover, the burden of proof of the unreasonableness or arbitrariness of rates is upon the person attacking the rate schedule. *Shirk v. City of Lancaster,* 313 Pa. 158, 169 A. 557 (1933). Appellant failed to demonstrate the arbitrariness of respondent's action and the trial court properly directed a verdict in respondent's favor.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.