21852

Sue P. MIMS, d/b/a The Plantation House, Respondent, v.
EDGEFIELD COUNTY WATER AND SEWER AUTHORITY, Appellant.
(299 S. E. (2d) 484)

*Burns, McDonald, Bradford, Erwin & Patrick,* Greenwood, *for appellant.*

*Thomas A. Mims,* Edgefield, *for respondent.*

January 11, 1983.

HARWELL, Justice:

Appellant alleges the circuit court erred by declaring unenforceable a fee charged to respondent. We agree and reverse.

Respondent operates a retirement home located within appellant's service area. Respondent's building contains a fire sprinkler system consisting of 350 sprinkler heads. Appellant adopted a rate ordinance which provided for a sprinkler head charge on all fire sprinkler systems of $2.00 per sprinkler head per year. In 1978, respondent paid under protest appellant's fee. After exhausting her administrative remedies, respondent initiated this action seeking a declaration that the fee was excessive, and therefore, unenforceable. The circuit court ruled that, although appellant is legally empowered to make a sprinkler head charge, its rate charged to respondent is excessive.

The judge made his ruling based on the following evidence:

1) that appellant had not shown what it costs to make water available to respondent;
2) that respondent's sprinkler system has never been used; therefore, no water for the system has been used; and
3) that respondent needs the water availability.

Initially, we acknowledge that in an equity action tried by a judge alone, without a reference, we have jurisdiction to find facts in accordance with our view of the preponderance of the evidence. *Townes Assoc., Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

A water company or district may make a reasonable charge to private persons and concerns for fire service, even though no water is actually used except in case of fire. It is sufficient that the service is available as a special privilege not enjoyed by the general public. *Cox v. Abbeville Furniture Factory*, 75 S. C. 48, 54 S. E. 830 (1906); 64 Am. Jur. (2d) Public Utilities § 55 (1972). However, respondent contends that appellant's rate is unreasonable.

Although a consumer may challenge a rate schedule as being excessive, the person attacking it has the burden to prove the rates are unreasonable. *H. A. Sack Co. v. Forest Beach Public Service District*, 272 S. C. 235, 250 S. E. (2d) 340 (1978). We do not believe respondent has carried her burden. Her attempt to prove the unreasonableness of ap-

pellant's sprinkler head fee consisted of evidence from only her perspective; evidence about her business, her payment of taxes, her use of the appellant's service, and her unique situation. However, the reasonableness of rates should be determined by an evaluation of the utility's holdings and obligations and the return which the utility realizes from the rates. *So. Bell Tel. & Tel. v. Public Service Commission*, 270 S. C. 590, 244 S. E. (2d) 278 (1978). The focus is upon the financial condition of the utility, particularly whether the return realized from the rates is so low as to be confiscatory to the utility or so high as to be unduly burdensome to the utility's customers. *Bluefield Water Works & Improvements Co. v. Public Service Commission of West Virginia*, 262 U.S. 679, 43 S. Ct. 675, 67 L.Ed. 1176 (1923); *Smyth v. Ames*, 169 U.S. 466, 18 S. Ct. 418, 42 L.Ed. 819 (1898).

Therefore, we conclude the trial judge erred by not considering appellant's financial condition when determining what constituted a fair rate of return.

Accordingly, we reverse the ruling of the trial court.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.