21869

RICHTEX CORPORATION, Appellant, v. Dayne S. PILKINGTON, as Executrix of the Estate of Edna Vivian Sox, Respondent.
(300 S. E. (2d) 728)

*Gene V. Pruet,* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for appellant.*

*J. Reese Daniel,* Columbia, *for respondent.*

March 7, 1983.

NESS, Justice:

This is an action for specific performance of an option to purchase. The trial court, without a jury, concluded the interest should be computed on the balance remaining unpaid in each year of the agreement, and held respondent was due $26,603.19 under the contract. We disagree and reverse.

Respondent's predecessor in interest leased certain property to appellant's predecessor in interest with an option to

purchase for $70,000.00. The provisions concerning the amount due respondent upon appellant's exercise of the option stated:

"(1) The Six Thousand ($6,000.00) Dollars this date paid shall be applied toward the purchase price of Seventy Thousand ($70,000.00) Dollars.

(2) All monies paid the lessee to the lessor for clays mined from the said premises shall be applied toward the purchase price of Seventy Thousand ($70,000.00) Dollars.

(3) The unpaid balance *due at the time this option is exercised* shall be increased by payment of interest at the rate of five (5%) per cent per annum. The unpaid balance shall be computed by deducting the totals of paragraphs 1 and 2 above from the purchase price of Seventy Thousand ($70,000.00) Dollars." (Emphasis supplied).

The instrument is dated May 12, 1967, and the option was exercised in March 1977.

When the option was exercised, appellant had paid $6,000 advance rental plus $56,897.85 for clay mined from the property, leaving an unpaid balance of $7,102.15. Appellant contends the amount due respondent should be calculated by computing 5% interest on $7,102.15 for ten years (the length of the agreement). Under appellant's construction, it owes respondent $10,653.25.

Respondent maintains, and the trial court held, the interest should be computed on the balance that remained unpaid in each year of the agreement, rather than on the balance that remained unpaid at the time the option was exercised. By respondent's calculations, the amount due is $26,603.19.

In an equity action tried by a judge without a reference, we may find the facts in accordance with our view of the preponderance of the evidence. *Mims v. Edgefield County Water and Sewer Authority*, 299 S. E. (2d) 484 (S. C. 1983); *Townes Associates, Ltd. v. The City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

We find no ambiguity in the contract, and no language which would authorize the construction urged by respondent. The contract clearly provides the unpaid

balance is to be computed by subtracting the advance rental payment and all royalty payments from the purchase price, and that the unpaid balance due *at the time the option is exercised* is to be increased by 5% per year. The inescapable result is $10,653.25.

We hold the trial court erroneously construed the contract, reverse and remand, and direct that judgment be entered against appellant for $10,653.25. Whether or not interest shall be added from March 1977 is a matter which was not argued and we express no opinion thereon.

Reversed and Remanded.

LEWIS, C.J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.