21954

Annie Pearl S. MAY, Lillian H. Snipes, Abner C. Stockman and Hoyt M. Stockman, Trustees Under the Will of A. C. Stockman, Petitioners, v. John Frank RILEY, John David Riley, a minor over fourteen (14) years of age, R. Hunter Park, Gladys Park Estelle, Mary Hunter Belkowski and Virginia Ann Hunter Cronic, of whom R. Hunter Park and Gladys Park Estelle are Respondents, and Mary Hunter Belkowski and Virginia Ann Hunter Cronic are Appellants.

(305 S. E. (2d) 77)

*J. Kendall Few*, Greenville, *for appellants.*

*Thomas H. Pope, III*, Newberry, *for respondents.*

July 13, 1983.

NESS, Justice:

This is an action to construe the will of Abner C. Stockman. The trial judge held respondents were entitled to the property. We reverse.

Abner Stockman died in 1924 survived by four children, one of whom was Mary E. Hunter. Stockman devised Mary a life estate in one-fourth of his residuary estate; upon her death, the property was to be equally divided among her children for their lives. Upon their deaths, the portion set aside to each of them was to be equally divided among their respective children.

Mary had three children: Carlisle Hunter, Willie Hunter Riley, and Lillian Hunter Snipes. Carlisle predeceased Mary and was survived by two children, the appellants in this action. Upon Mary's death in 1946, the property which had comprised her life estate was divided one-third each to her children Willie and Lillian for life, and one-sixth to each of Carlisle's children in fee simple.

Willie died February 6, 1979, survived by two adopted children. The court ruled the adopted children were not entitled to the one-third which had comprised Willie's life estate, and this ruling was not appealed. The dispute centers on whether the property should be distributed through Willie's then only

surviving sibling, Lillian, whose children are the respondents, or should be divided between Lillian and Carlisle's children. The pertinent provisions of the will are:

### ITEM TEN:

If any of my grandchildren should die leaving no child or children, then the share of such grandchild shall be turned over by the said Trustees to his or her surviving brothers and sisters, under all of the terms, conditions and limitations hereinabove named and applicable to them.

### ITEM ELEVEN:

The child or children of any of my children, or the grandchild or grandchildren of any of my children, shall represent his or her parent or parents under the terms of this Will, in the event of the parent's death before the provisions made for such parent or parents shall take effect.

The trial judge concluded Lillian was entitled to Willie's entire share. We disagree.

In an equity action tried by a judge without a reference, we may find the facts in accordance with our own view of the preponderance of the evidence. *Richtex Corporation v. Pilkington*, S. C., 300 S. E. (2d) 728 (1983); *Mims v. Edgefield County Water and Sewer Authority*, S. C., 299 S. E. (2d) 484 (1983).

The cardinal rule of will construction is that the testator's intent should be ascertained and given effect. *Albergotti, et al. v. Summers, et al.*, 205 S. C. 179, 31 S. E. (2d) 129 (1944). In determining the testator's intent, the Court should read the will as a whole and attempt to harmonize all its provisions. *Hays, et al. v. Adair, et al.*, 267 S. C. 291, 227 S. E. (2d) 665 (1976); *Wates, et al. v. Fairfield Forest Products Company, Inc.*, 210 S. C. 319, 42 S. E. (2d) 529 (1947).

Reading the will as a whole, it is our view the testator intended his great-grandchildren to take the deceased grandchild's share by representation. ITEM TEN of the will provided for the shares of childless grandchildren to be distributed to the grandchild's surviving siblings; however, we cannot ignore ITEM ELEVEN, which provides that the child of any deceased grandchild shall represent the grand-

child under the terms of the will. We conclude Stockman intended Carlisle's children to take the share Carlisle would have taken had he survived. Accordingly, we reverse.

Reversed.

LITTLEJOHN and HARWELL, JJ., concur.

LEWIS, C. J., and GREGORY, J., dissent.

LEWIS, Chief Justice (dissenting):

The majority opinion correctly summarizes the facts and applicable law in this case, but reaches, in my opinion, the wrong result. I must respectfully dissent.

The majority opinion cites Item Ten of Abner Stockman's will which provided that if any of his grandchildren were to die without issue then the share of that grandchild would be divided among *surviving* siblings. Item Nine, not mentioned in the majority opinion, makes the identical provision for his children. This repeated usage makes it clear that Abner Stockman intended for the *survivors,* and only the survivors, in each succeeding generation to divide *among themselves* the share of any brother or sister who had died without issue. There is no escape from the conclusion that a non-surviving sibling could not take in this division.

In 1946, Mary E. Hunter died. She was a child of Abner Stockman with three natural children of her own — Carlisle, Willie and Lillian. Thus Mary Hunter's life interest passed in equal shares for life terms to each of her children under Item Eight of the will. Carlisle, however, had predeceased his mother. This fact activated the provisions of Item Eleven: Carlisle's two children, appellants herein, succeeded immediately to their fee simple interests in their father's portion.

Willie and Lillian, meanwhile, took their respective shares as life estates. For the next thirty-three years, there existed only two possibilities as between these grandchildren of Abner Stockman under his will. On the one hand, if both sisters had children of their own, the said children would proportionately inherit in fee simple the interests of their respective mothers, all under Item Eight. There would be no horizontal distribution in such circumstances. On the other hand, if one of the sisters failed to have children of her own, then the surviving sister would receive her share under Item

Ten, no other claims being possible, given its clear language.

In fact, the second possibility was realized. Willie died without natural children, and her adopted children were held ineligible to receive under this will. Upon Willie's death, the only surviving sibling was Lillian. Item Ten became operative, vesting an additional life interest in Lillian, to the exclusion of any other claimant. Upon Lillian's death (later in 1979), both her life interest and the life interest received from Willie passed directly to Lillian's children, the respondents.

Since Carlisle had long predeceased his sisters, he could not be held a "surviving brother" of Willie when she died without issue. Carlisle had no interest in Willie's life estate, and thus Item Ten could hardly be deemed a "provision made for" him. This is a critical fact, because under Item Eleven the appellant children of Carlisle could only "represent" their father "in the event of the parent's death before *the provisions* made for such parent shall take effect." In 1979, with only one sibling surviving Willie, the will of Abner Stockman contained no "provision" whatsoever for Carlisle. Thus Carlisle's children have no interest to which they can succeed.

The foregoing was correctly set out as the basis for the findings of the trial court, that the appellants have no claim to the life interest of Willie and that the sole recipients thereof should be the respondents. The judgment should be affirmed.

GREGORY, J., concurs.