0814

Edrie W. PLUNKETT, in her own right and as Executor of the Will of Ellie W. Weeks, deceased, and Fred W. Plunkett, Sr., as Executor of the Will of Ellie W. Weeks, deceased, Respondents v. Ethel Helen W. ADKINSON, Appellant.

(350 S. E. (2d) 405)

Court of Appeals

*Robert E. Johnson* of *Williams, Johnson, Buchanan & Harte,* Aiken, and *Stephen A. Spitz,* Columbia, *for appellant.*

*Henry Summerall, Jr.,* of *Summerall & Bailey,* Aiken, *for respondents.*

Heard Sept. 22, 1986.

Decided Nov. 3, 1986.

SHAW, Judge:

This is a declaratory judgment action. Respondents Edrie W. Plunkett and Fred W. Plunkett, Sr., brought this action seeking a construction of a portion of Fred W. Woodward's will. Appellant Ethel Helen W. Adkinson appeals from a finding in favor of Edrie Plunkett. We affirm.

The facts of this case are not in dispute. Fred W. Woodward died testate in 1965. In his will, Fred devised to his wife, Ethel Scott Woodward, a life estate in all his real property. He devised the remainder interest to his three daughters. The will, after describing that portion of real estate left in remainder to his daughter, Ellie Mae Weeks, contains the following language:

PROVIDED, HOWEVER, should my daughter, Ellie Mae Weeks, predecease my wife, Ethel Scott Woodward, *and me*, I will, devise, and bequeath said property, IN REMAINDER, unto my two other daughters, Edra Plunkett and Ethel Helen Adkinson, share and share alike, or their survivor. (emphasis added).

This language is the subject of this dispute. Weeks died in March of 1984. The testator's wife, Ethel Scott Woodward, died five months later, in August of 1984. Weeks, in her will, left her entire interest in the land she was to receive through her father's will to her sister, Edrie Plunkett.

Edrie Plunkett sought an order declaring she took a vested remainder under Weeks' will and thus, following the life tenant's death, she is the sole owner in fee simple. Ethel Adkinson, a sister of Weeks and Plunkett, sought an order declaring she owns an undivided one-half interest in the property under Fred Woodward's will. The matter was referred, on consent by both parties, to a master. The master found Plunkett is the sole owner in fee simple of the land.

Adkinson argues the master erred because 1) the gift to Weeks in Fred Woodward's will never vested, 2) Weeks could not validly pass such an interest in her will, 3) the master's ruling frustrates the testator's intent, and 4) the words "and me" in the portion of Fred's will quoted earlier should be interpreted as "or me." We reject these arguments as we hold *Lee v. The Citizens and Southern National Bank of S. C.*, 253 S. C. 556, 172 S. E. (2d) 114 (1970) is dispositive of this case.

The basic issue is whether the above quoted words "and me" in Fred Woodward's will should be interpreted literally such that Weeks' remainder interest became vested if she survived either Fred or his wife, the life tenant. In other words, the gift over would occur only if Weeks predeceased both Fred and his wife. The language used is clearly conjunctive rather than disjunctive. *Lee* answers this question in dealing with very similar language.

In *Lee*, the testator devised a remainder interest to Richard Smyth Lee. This interest followed a life estate. The testator's will also contained the following language which formed the basis of the dispute:

Should Richard Smyth Lee predecease me *and* both his parents, then the remainder interest in the properties above described shall go, in fee simple, to his brother, W. Loring Lee, III. (emphasis added).

The defendant in *Lee* argued Lee must survive both the testator and Lee's parents to take and, thus, the devise to Lee was contingent. This is the basic thrust of Adkinson's argument in this case. The Supreme Court dismissed this argument with the following language:

The word "and" is to be construed literally and when . . . [Lee] survived the testator it then became impossible for him to predecease "me and both of his parents," and the estate thereby vested in him, in remainder, in fee simple.

Based on this holding by our Supreme Court, we hold Weeks' remainder interest in the property in dispute became vested when the testator, Fred Woodward, died. Thus, we further hold, this vested remainder passed to Plunkett through Weeks' will. Finally, upon the life tenant's death, Plunkett became the sole owner in fee simple of the property.

Affirmed.

SANDERS, C. J., and LITTLEJOHN, J., concur.