506 S.E.2d 308

In Re M.B. CARMICHAEL, Plaintiff,

v.

Jane HEGGIE, Defendant.

Ex Parte Jane B. HEGGIE, Respondent,

v.

The Heirs at Law, devisees or distributees of William Boyd Carmichael, deceased; Doris W. Carmichael, a/k/a Doris Wiggins Carmichael; M.B. Carmichael, a/k/a Milton B. Carmichael; Mark Aaron Carmichael, a minor over fourteen (14) years; Daniel Scott Carmichael, a minor under the age of fourteen (14) years; any and all unknown owners or heirs as parties or devisees or distributees of William Boyd Carmichael, deceased; all other persons unknown claiming any right, title or interest in or lien upon the real property described in the Third–Party Complaint herein; any unknown adults being as a class designated as John Doe; and any unknown minors or persons under other legal disability or persons serving in the military having or claiming to have any right, title, interest or lien upon or to the subject property as a class designated as Richard Roe, Of Whom Doris W. CARMICHAEL is the Appellant.

No. 2886.

Court of Appeals of South Carolina.

Submitted Sept. 1, 1998.

Decided Sept. 28, 1998.

Marvin P. Jackson, Florence, for appellant.

Carl A. Ellsworth, of Seigler, Earle & Ellsworth, Columbia, for respondent.

Guardian Ad Litem: John D. McInnis, Jr., Dillon.

Lois Eargle McMillan, of Law Offices of Daniel H. Shine, Dillon, for Guardian Ad Litem John D. McInnis, Jr.

GOOLSBY, Judge:

Doris Carmichael appeals a determination by the trial court that she cannot presently exercise a power of appointment to convey a fee simple interest in a tract of farm land to her son. We affirm.[1]

### Facts and Procedural Background

In his last will and testament, William Boyd Carmichael named his wife Doris executor of his estate and gave her a life estate in his undivided half-interest in an eighty-acre farm.

---

[1]. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant Rule 215, SCACR.

The will also granted Doris a general power of appointment through which she could appoint the property to any appointee, including her estate, in her last will and testament. If she did not exercise the power of appointment in her will or if she predeceased William, the property was to transfer to William's then living grandchildren. The will also gave Doris, in her capacity as executor, the right to sell assets. William died, and his will was probated July 22, 1985. Doris survived her husband.

By deed dated October 14, 1994, Doris transferred her interest in the tract of land to her son Milton B. Carmichael. On December 6, 1994, she executed a will exercising the power of appointment in favor of Milton. In her will, she stated she believed the transfer had occurred with the October deed. Doris also executed a contract with Milton agreeing not to change her will in exchange for his caring for her in her old age.

Milton initiated an action for partition against Jane Heggie, who owned the other half-interest in the property. In her answer and counterclaim, Heggie questioned Milton's ownership interest in the land and requested the court interpret William's will to quiet title in the land. A guardian ad litem was appointed to protect the interest of the minor and unborn potential heirs.

The trial court held Doris could exercise the power of appointment only through her will upon her death, when the will was probated. It further found that Doris's authority as executor of William's estate did not expand her power of appointment. The deed from Doris to Milton, therefore, conveyed only a life estate *per autre vie* and no other legal interest.

## Discussion

■ 1. Doris argues the trial court erred in holding she had not exercised the power of appointment in favor of Milton. She asserts that through the execution of her will, the execution of the contract to will, and the transfer of her interest in the property, she had conveyed a fee simple interest to Milton. We disagree.

■ Generally a contract to make a will is enforceable, provided it possesses all the essential elements of a legal contract. *Caulder v. Knox,* 251 S.C. 337, 162 S.E.2d 262 (1968).[2] "One who contracts to will property in effect parts with his rights to act inconsistent therewith and in effect reserves to himself a life interest only." *Id.* at 346, 162 S.E.2d at 267 (1968).

We are unaware of any South Carolina cases to date specifically considering the effect of a contract to will on a testamentary power of appointment. The *Restatement (Second) of Property,* however, provides as follows:

A donee of a power of appointment not presently exercisable cannot contract to make an appointment in the future that is enforceable by the promisee. Though the promisee cannot obtain damages or the specific property if the promise is not performed, the promisee may obtain restitution for value that the promisee gave for the promise from the person who received the value.

*Restatement (Second) of Property* § 16.2 (1986).

The rationale behind this rule is to fulfill the donor's intent that the selection of the appointees be made "in the light of the circumstances that may exist on the date the power becomes exercisable." *Restatement (Second) of Property* § 16.2 cmt. a (1986). Furthermore, as the *Restatement* explains, "A contract to appoint in a certain manner made prior to the date the power becomes exercisable, if valid, would defeat the donor's intent." *Id.*[3]

We adopt the *Restatement* rule and hold Doris, as the donee of a testamentary power of appointment, may not in a contract to will bind herself to exercise the power in a certain manner. The contract to will Doris executed in favor of Milton is therefore invalid, and the trial court correctly held Doris could not make an *inter vivos* transfer of a fee simple interest in the property to Milton.

---

**2.** The South Carolina Probate Code requires a showing of certain additional elements to establish a contract to will or devise executed after July 1, 1987. S.C.Code Ann. § 62–2–701 (Supp.1997).

**3.** The invalidity of the contract to appoint does not affect the appointment made in performance of the contract. *Restatement (Second) of Property* § 16.2 cmt. c (1986).

■ 2. We also disagree with Doris's argument that the provision in William's last will and testament listing the powers of the executor enabled her to convey a fee simple interest to Milton.

■ In construing a will, the court should strive to determine and give effect to the testator's intent. *May v. Riley,* 279 S.C. 248, 305 S.E.2d 77 (1983); *In re Estate of Fabian,* 326 S.C. 349, 483 S.E.2d 474 (Ct.App.1997). Intent must be gathered from the instrument as a whole, giving consideration to the words the testator used and reading them according to established principles of law. *King v. South Carolina Tax Comm'n,* 253 S.C. 646, 173 S.E.2d 92 (1970). The court should read the testator's language to effectuate the testator's intent, unless that intent contravenes some well settled rule of law or public policy. *Miller v. Rogers,* 246 S.C. 438, 144 S.E.2d 485 (1965). Moreover, the rules of construction are of secondary importance to the need to ascertain what the testator meant by the terms used in the written instrument itself, and each provision of the will must be considered in relation to the other provisions. *Allison v. Wilson,* 306 S.C. 274, 411 S.E.2d 433 (1991).

■ Doris correctly argues, the provision in William's will granting her the testamentary power of appointment did not restrict her power to dispose of the property during her lifetime; however, she cannot convey or transfer a greater interest than what she presently holds. *Griggs v. Griggs,* 199 S.C. 295, 19 S.E.2d 477 (1942). Furthermore, although the will granted Doris certain general powers as executor, the provision granting these powers explicitly states they were to be exercised to carry out the purpose of the will. We find nothing in the record suggesting that William intended for Doris to have anything more than a life estate and a general testamentary power of appointment. Because William intended for Doris to exercise her power of appointment only at her death, Doris could not have used her general powers as executor to appoint the property during her lifetime.

**AFFIRMED.**

HUFF and HOWARD, JJ., concur.